In re HARRIS.

(District Court, N. D. Ohio, E. D. October 6, 1899.)

No. 333.

BANKRUPTCY—SECRET PARTNER OF BANKRUPT.

Where a person was adjudged a bankrupt, as sole owner of a business conducted in the name of a company, and has been treated as such sole owner throughout the proceedings,—the only assets received by the trustee being the property of such business, and the only creditors those of the concern,—distribution of the estate will be made on that basis, notwithstanding evidence showing that another person was a secret partner in the business, which interest he denies.

## In Bankruptcy.

The following is the report of the referee in bankruptcy:

It has previously been determined in this case that a secret partnership existed between the bankrupt and her husband, F. J. Harris, and that the property assigned by the bankrupt for the benefit of creditors, and now held by the trustee in bankruptcy, was the same property that constituted the actual partnership property of the secret partnership. This secret partnership was not discovered for some months after the adjudication in bank-

ruptcy of Mattie E. Harris. The bankrupt now moves for an order requiring the trustee to administer this property, nevertheless, as the individual property of Mattie E. Harris.

There are two views that may be taken of this bankruptcy. First, it may be considered to be an individual bankruptcy. In that event, as in all other cases of the administration of joint and several estates, the partnership assets should be first used to pay partnership creditors, and only the balance be applied to pay the individual creditors of the bankrupt. This administration of the partnership and individual estates may be had in the bankruptcy proceedings of the individual bankrupt herself, provided the secret and nonbankrupt partner consents thereto. Section 5, cl. "h," of the bankruptcy act provides that "in the event of one or more, but not all, of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt, but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt." No similar provision appeared in the act of 1867. See Amsinck v. Bean, 22 Wall. 395, 22 L. Ed. 801. "The assignees in bankruptcy of the joint stock and property of a co-partnership are required to administer the separate estate of the individual members of the firm or company, as well as the described estate of the co-partnership; but the bankruptcy act [i. e., that of 1867] contains no regulations of a corresponding character applicable in a case where an individual member of a co-partnership is adjudged a bankrupt, without any such decree against the co-partnership, or the other partner or partners of which the co-partnership is composed." "Repeated decisions have settled the rule that an assignee of the estate of an individual partner has no such title as will enable him to call third parties to an account for partnership property." Section 5, cl. "h," of the act of 1898 undoubtedly supplies the deficiency of the act of 1867 in this regard, and governs cases where one who is individually in bankruptcy is also at the same time a member of a partnership. In that event, the partnership assets may be administered by the individual trustee, but only by the consent of the other partners. Obviously, a partner cannot, by going into bankruptcy as an individual, devest the partnership creditors of their priority of lien upon the firm assets. The fact that the other partner is willing to let the assets be considered the individual assets of the bankrupt partner would not change the rule. Clause "h" of section 5 does not refer, it seems to me, to cases where a partnership as such is declared bankrupt, and some of the partners are not individually adjudicated bankrupts; for, if it did so refer, it would be vain to have a partnership declared bankrupt unless each and all the individuals composing it were at the same time likewise adjudicated bankrupts individually, because, if any one of them were not adjudicated bankrupt, then the partnership assets could not be administered in bankruptcy without his consent, and the firm creditors would have spent all their efforts without practical result, and the partnership trustee elected by them would be a king without a kingdom. Partnership assets may, then, with the consent of the nonbankrupt partner, be administered as such by the trustee of the individual estate of the bankrupt partner. In the present case the only question upon this branch would be whether the secret partner had consented to the administration of the partnership assets by the individual trustee. It is my opinion that he has done so. He has given his consent by standing by without protest, and even with positive denials of any interest in the fund, and has thus allowed the assets of this partnership to be taken into the custody and control of the bankruptcy court. For months he has thus stood by and acquiesced in this custody, and it is too late for him now to deny consent. Suppose the partner of an individual bankrupt should abandon the partnership property; would any one say that there was lacking a consent to the administration of this property by the trustee of the bankrupt partner? If so, then there is certainly a branch of the bankruptcy act that needs amendment. I apprehend, however, that it is not so, but rather that the bankruptcy act has most carefully provided for a contingency of this kind, and that its provisions will be found to be effective in protecting the rights of firm and individual creditors, where the partnership

itself is not adjudicated bankrupt, but one of its members is individually such.

But there is another view of this proceeding that might also be reasonably taken, and that is that this bankruptcy is in reality an adjudication of bankruptcy of an ostensible partnership, and that, such being the case, the partnership in reality was thereby adjudicated bankrupt under the name of Mattie E. Harris; such appearing to be the firm name under which the secret partnership did business. While there appears to my mind some doubt as to the soundness of this view as applied to the case in hand, yet there is force in the position. One thing is certain, namely, that an adjudication in bankruptcy may bind firm assets and partnership creditors, and also all the partners themselves, although only the ostensible partner or partners are mentioned as parties. The adjudication that a firm is bankrupt cannot be made null and void and inoperative through the mere failure of creditors to join a secret partner, whose name was perhaps being purposely withheld by the ostensible partner. It is sufficient if the ostensible partner be·alone mentioned in the adjudication of bankruptcy, provided the act of bankruptcy and the property sequestered by the bankruptcy trustee were in reality the act and the property, respectively, of the partnership. In this way it is quite possible, where a secret partnership existed, doing business in the name of one of the partners, for it to be bound both as to membership and property by a decree rendered in terms .against the ostensible partner alone as if he were an individual. If the act of bankruptcy is in reality the act of all, and the property seized the property of all, then partnership creditors cannot be devested of their rights by the concealment of the existence of the partnership. Certainly it does not lie in the mouth of the bankrupt, nor of the bankrupt's secret partner, to urge the point; and whether the creditors of the individual estate could object is not decided here, since none of them are here raising the point. Along this line of reasoning, see the following cases, to wit: Metcalf v. Officer, 5 Dill. 565, Fed. Cas. No. 9,496 (syllabus): "(1) It is not essential to the validity of an adjudication of bankruptcy against a partnership that a secret or dormant partner should be made a defendant. (2) The firm property is bound by an adjudication made against the ostensible partners. (3) A dormant or secret partner is not a necessary defendant at law or in equity. (4) Effect of nonjoinder of a joint party to a contract discussed." Also see Elliot v. Stevens, 38 N. H. 311; In re Kelley, 19 N. B. R. 326, Fed. Cas. No. 7,656.

The bankrupt urges that the nonbankrupt partner should now be given a chance to refuse his consent; his previous attitude having been that no partnership existed at all and that Mattie E. Harris alone was bankrupt. But, in the apt words of the trustee, the decision of the court that a secret partnership really existed did not create the partnership, for it was a secret partnership all the while; and, the very attitude of the secret partner during the entire period being inconsistent with his claiming the rights of a nonconsenting partner under section 5, cl. "h," above quoted, it seems improper to allow him now to shift his position. Therefore, upon consideration of the law of the whole case, it is the opinion of the referee that the motion of the bankrupt is not well grounded, and it is therefore ordered that the same be, and it is hereby, refused, to which ruling the bankrupt excepts, and is granted 10 days' time within which to prepare and file her petition for review.

A. Burt Thompson, for petitioners.
Olds & Willet, for bankrupt.

RICKS, District Judge. The proceedings in this case were instituted against Mattie E. Harris, alleging that prior to September 13, 1899, she was carrying on the grocery business on Detroit street under the name of the West Cleveland Grocery Company. An adjudication was entered on the ground that Mattie E. Harris had assigned all the goods, etc., at that place of business to O. J. Ringle. The only assets in the hands of Thompson, the trustee, are the pro·

ceeds of the sale of the stock of goods there found, and the only liabilities scheduled are for goods sold to said concern; and said Thompson was selected as trustee by the creditors of said grocery concern, assuming during all these proceedings that Mattie E. Harris was the bankrupt. But subsequent testimony developed the fact that F. J. Harris was a secret partner; in short, that Mattie E. Harris and F. J. Harris were partners doing business as Mattie E. Harris. It is not difficult to conceal the members of a partnership, if they are determined to have their connection with the establishment unknown. There has been a great deal of testimony taken in this case to establish that there was no secret partner, and that Mattie E. Harris was the only one interested in the firm, and that she was in fact the firm. Goods were sold to her on that basis, process was served upon her in this case on that basis, and the trustee's finding is on that basis. I have read this testimony with reference to the action of the trustee, and think he was fully justified in the course he has pursued, and his action is approved. The necessary orders may be drawn to enable him to carry out the distribution on the theory set forth by him in his reports heretofore.