Under all the facts and circumstances of this case, it cannot consistently be said that the sale was made by petitioner to his wife "in contemplation of bankruptcy"; for it was made years before the bankruptcy act became a law.

Under the provisions of section 14 of this law, heretofore quoted, in order to defeat a bankrupt's petition for discharge on the ground of his having failed to keep proper books of account, it must be shown that such failure was with a fraudulent intent on the part of the bankrupt to conceal his true financial condition, and "in contemplation of bankruptcy." In re Holman, supra; In re Carmichael (D. C.) 96 Fed. 594; In re Hirsch, Id. 468; Id., 97 Fed. 571.

The grounds set forth and the evidence submitted by the opposing creditor fail to bring this case within either of the statutory grounds upon which the application for petitioner's discharge could be denied. The general principles herein announced are sustained by the following additional authorities: In re Thomas (D. C.) 92 Fed. 912; Sellers v. Bell, 36 C. C. A. 502, 94 Fed. 801, 807; In re Cornell (D. C.) 97 Fed. 29; In re Freund (D. C.) 98 Fed. 81; In re Webb, Id. 404; In re De Leeuw, Id. 408; Loveland, Bankr. § 278 et seq. The petitioner is entitled to his discharge.

---

In re PAGE.

(District Court, E. D. Pennsylvania. June 19, 1900.)

BANKRUPTCY—BANKRUPT'S MEMBERSHIP IN STOCK EXCHANGE PASSES TO TRUSTEE.
A seat or membership owned by a bankrupt in a stock exchange is property and passes to his trustee in bankruptcy, and may be sold by the latter as an asset of the bankrupt's estate.

In Bankruptcy.

George W. Jacobs, for bankrupt.
Chas. Welsh Edmunds and Henry R. Edmunds, for trustee.

McPHERSON, District Judge. The question certified by the referee for the opinion of the court is whether a seat or membership in the Philadelphia Stock Exchange is property that passes to a trustee in bankruptcy, and may be sold by him as an asset of the estate. Since the decisions in Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264, and Sparhawk v. Yerkes, 142 U. S. 1, 12 Sup. Ct. 104, 35 L. Ed. 915, I regard the question as no longer open for discussion in the federal courts. In the former case it is said upon page 524, 94 U. S., and page 265, 24 L. Ed.:

"There can be no doubt that the incorporeal right which Fenn had to this seat when he became bankrupt was property, and the sum realized by the assignees from its sale proves that it was valuable property. Nor do we think there can be any reason to doubt that, if he had made no such assignment, it would have passed, subject to the rules of the stock board, to his assignee in bankruptcy, and that, if there had been left in the hands of the defendants any balance after paying the debts due to the members of the board, that balance might have been recovered by the assignee."

In the latter case, Hyde v. Woods is referred to with approval in the following language:

"In Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264, it was ruled that the ownership of a seat in a stock exchange board is property,—not absolute and unqualified, but limited and restricted by the rules of the association; that such rules, in imposing the condition upon the disposition of memberships that the proceeds should be first applied to the benefit of creditor members, are not open to objection on the ground of public policy, or because in violation of the bankrupt act; and that in the case of the bankruptcy of a member his right to a seat would pass to his assignees, and the balance of the proceeds upon sale could be recovered for the benefit of the estate. While the property is peculiar, and in its nature a personal privilege, yet such value as it may possess, notwithstanding the restrictions to which it is subject, is susceptible of being realized by creditors."

In Sparhawk v. Yerkes, the court was determining a controversy concerning a seat in the Philadelphia Stock Exchange, and had before it, therefore, those provisions of the constitution of the exchange that are now relied upon to support the proposition that such a seat is a personal privilege merely, and not in any sense or degree a species of property. In view of these authoritative declarations of the supreme court, it would be superfluous to discuss the provisions just referred to.

The action of the learned referee is approved, and the trustee is directed to carry out the order of sale.

---

## In re T. L. KELLY DRY-GOODS CO.

(District Court, E. D. Wisconsin. July 9, 1900.)

1. BANKRUPTCY—PROCEEDINGS BEFORE REFEREE—REVIEW.

General orders in bankruptcy, rule 27 (32 C. C. A. xxvii., 89 Fed. xi.), providing for a "review by the judge of any order made by the referee," does not authorize a general review of proceedings before the referee, or of rulings not directly affecting a sale.

2. SAME.

Specific questions arising in proceedings before a referee in bankruptcy, and upon which the opinion of the district judge is desired, should be presented on the certificate of the referee, or, in the case of orders entered, on petition for review, and not in the form of an assignment of errors.

3. SAME—CORPORATIONS—ACT OF INSOLVENCY.

A petition of involuntary bankruptcy against a corporation, which is based upon a confession of insolvency and the willingness of the corporation to be adjudged a bankrupt, will not be construed as in effect voluntary, and therefore within the exception which excludes corporations from the benefit of voluntary bankruptcy.

4. SAME—SALE BEFORE ADJUDICATION IN BANKRUPTCY.

Although the uniform practice is to make no order of sale of the bankrupt's estate until after the adjudication of bankruptcy unless a sale is necessary to preserve the value of the property, an order of sale made by a referee before the adjudication, while exercising the powers of the district judge under Bankr. Act, § 38, will not be disturbed, where the sale was made by consent, and no prejudice is shown.

5. SAME—ALLOWANCE OF CLAIMS—RENT.

A landlord cannot complain that his general claim for rent is apportioned so as to make a part thereof a claim against the bankrupt's estate, and the