In re STRINGER.

(District Court, E. D. New York. July 11, 1917.)

1. BANKRUPTCY ⬅228—PROCEEDINGS—ORDER OF REFEREE.
    Where none of the parties within 10 days following an order of the referee directing the trustee to make payment of dividend attempted to have it set aside, the order may for that reason be affirmed by the court of bankruptcy.

2. PARTNERSHIP ⬅181—CREDITORS—RIGHTS OF.
    Where a firm is dissolved by withdrawal of one of the partners and the assets delivered to another as liquidating partner, firm creditors may trace

into the hands of the liquidating partner firm assets, and individual creditors of such partner can look only to the surplus.

3. BANKRUPTCY ☞339—DETERMINATION AS TO CLAIMS—EFFECT.

In bankruptcy against a member of a firm individually and as sole surviving partner, it appeared that an earlier firm had been dissolved, the assets delivered to the bankrupt as liquidating partner, and by him delivered to the latter firm. The trustee contended that certain debts had not been assumed by the latter firm, and, on appeal to the Circuit Court of Appeals from an order allowing claims based on such debts in part as against the firm assets, the claims were disallowed save as against the bankrupt as an individual. Other debts incurred by the earlier firm were not opposed by the trustee. No petition against the bankrupt as surviving partner of the earlier firm had been filed, and he was not a party to the proceedings in that capacity save through his bankruptcy as an individual. *Held,* that those whose claims were disallowed by the ruling of the Circuit Court of Appeals could not object to the payment of dividends to creditors whose claims against the firm assets were uncontested.

In Bankruptcy. In the matter of the bankruptcy of G. Franklin Stringer, individually and as sole surviving partner of Stringer & Company. Application by creditors to require the trustee to pay a dividend declared. Report of referee declaring dividend affirmed, and trustee directed to comply.

See, also, 230 Fed. 177, 233 Fed. 799, 234 Fed. 454, 240 Fed. 892.

Frederick W. Stelle, of New York City, for Graff.

J. Gardner Stevenson and A. Gordon Murray, both of New York City, for trustee.

Henry M. Stevenson, of New York City, for Mary E. Lewis, H. Leroy Lewis, and H. J. Lewis Oyster Co.

CHATFIELD, District Judge. Application has been made to compel the trustee to pay a 10 per cent. second dividend declared upon a dividend sheet made up in accordance with the opinion of the Circuit Court of Appeals, which established the status of claims by Mary E. Lewis, the H. J. Lewis Oyster Company, and H. Leroy Lewis, for certain loans amounting in the aggregate to $93,831.38.

[1] Notice was then given to the trustee by the attorney for Mrs. Lewis and her sons that such dividend would be contrary to the opinion of the Court of Appeals. The trustee has held back payment, and certain of the creditors have applied to this court to direct the trustee to proceed to pay this dividend, the 10 days having expired in which he should so do. This 10-day period is evidently the same as that in which a petition to review the referee's decision in allowing the dividend could be made, and no party has attempted to have the referee's order for the payment of this dividend set aside. This would of itself be sufficient ground to direct the trustee to proceed; but an interpretation of the opinion of the Circuit Court of Appeals, involved in any order which may be made, renders it advisable to consider the correctness of the dividend sheet.

The decision of the Circuit Court of Appeals was made on February 14, 1917 (240 Fed. 892), and modified the decision of this court, reported in 234 Fed. 454, by holding all of the above claims to be debts

provable only against G. Franklin Stringer, individually, as surviving partner of a firm known as Jewell & Stringer.

This firm of Jewell & Stringer dissolved upon the 23d day of May, 1912, and upon the following day the firm of Stringer & Co. was organized by the two remaining partners, viz. G. Franklin Stringer, Jr., and G. Franklin Stringer, Sr.

In January, 1915, G. Franklin Stringer, Jr., died, and the estate in bankruptcy which is being administered is that of G. Franklin Stringer, Sr., as surviving partner of the firm of Stringer & Co., and also that of G. Franklin Stringer, Sr., as an individual.

It should be noted that G. Franklin Stringer, as surviving partner of the firm of Jewell & Stringer, has never been petitioned into bankruptcy nor brought in except in so far as he is a party to these proceedings through his bankruptcy as an individual.

It also appears that an earlier firm, of Jewell, Stringer & Co., went out of existence in February, 1911, when one of the partners withdrew and the remaining partners continued as the firm of Jewell & Stringer, above referred to, until October of the year 1911, when G. Franklin Stringer, Jr., came into that firm as an additional partner.

There have been numerous different disputes determined in this case with reference to other claims by Mrs. Lewis, a sister of G. Franklin Stringer, Sr., and who had advanced large amounts of money to him in various phases of his business enterprises. Among the claims shown on the present dividend sheet is a firm debt of $30,000 allowed to Mrs. Lewis by the referee. So far as appears from the record, all of the claims presented upon the dividend sheet are based upon transactions continuing through the firms of Jewell, Stringer & Co., Jewell & Stringer, and Stringer & Co. In each case the debt from the prior firm was carried over into the books of the succeeding firm as a debt due against that firm.

In originally opposing the claims passed upon by the Circuit Court of Appeals, the trustee in bankruptcy objected to the allowance of the claims, "upon the grounds that they were liabilities of G. Franklin Stringer, Sr., individually, or that, if they were a liability of any other than G. Frankln Stringer, individually, they were liabilities of a former partnership of which he was a member." Referee's Report. The referee held that all three of the claims were debts of Jewell & Stringer which were carried over into and assumed by Stringer & Co.

The trustee in bankruptcy appealed from this allowance and then raised the objection that the firm of Stringer & Co. had not assumed the obligations of Jewell & Stringer, as well as the objection that the loans had been made to G. Franklin Stringer, Sr., as an individual. The District Court sustained this contention as to $47,033.05 of the moneys claimed by Mrs. Lewis, which had been loaned to Stringer, Sr., as an individual and had never gone beyond the point of money placed by him in the firm as a contribution by himself as a partner. Neither the referee nor this court understood that the trustee (who was representing general creditors holding claims arising from transactions with Jewell & Stringer, and which the trustee was thus supporting for payment out of the assets of Stringer & Co.) claimed or

would urge that the firm of Stringer & Co. had never assumed any partnership debts of Jewell & Stringer. The issue then presented was whether the Lewis claims were individual, as opposed to partnership claims, and whether these Lewis claims had been assumed by Stringer & Co., even if debts of G. Franklin Stringer, Sr.

This court in allowing an appeal to the Circuit Court of Appeals was inclined to refuse an appeal upon those assignments of error that might be construed as raising the contention that Stringer & Co. were not responsible for any debts which had been incurred by Jewell & Stringer. As a matter of fact, Stringer, Jr., was at all the times in question a member of the firm, and no testimony has ever been presented showing that Stringer, Jr., transferred his interest in these assets to his father as liquidating partner. The testimony was only to the effect that Jewell transferred his share, including the stock exchange seat, to Stringer, Sr., to act as liquidating partner, upon the assumption that the firm was solvent and in order that, as liquidating partner, Stringer, Sr., could transfer the property to the new firm. When this situation was first presented, the matter could have been sent back for further testimony; but it was allowed to go up on appeal by Mrs. Lewis and on cross-appeals by the trustee. The Circuit Court of Appeals has specifically passed upon the effect of a transfer by a solvent firm to one of its partners, of all its assets, for the purpose of liquidation, when viewed from the situation of a later firm, into which this so-called liquidating partner has entered as an individual and into which he has put those assets for which he became responsible as a survivor of the preceding firm.

The Circuit Court of Appeals has decided that the claim of Mrs. Lewis and of her son, H. Leroy Lewis, were in reality loans to Mr. Stringer as an individual, which could not be shown as claims against the firm assets unless the moneys loaned could be traced specifically into the firm assets in such a way that subrogation might be invoked therefor. The Circuit Court of Appeals has held that the H. J. Lewis Oyster Company's claim was a firm debt of Jewell & Stringer, but that it did not pass with the assets so as to become an obligation of Stringer & Co., and that it remains a claim against Mr. Stringer as an individual as liquidating partner.

Upon these facts the referee has attempted to marshal the assets (1) of Jewell, Stringer & Co., (2) of Jewell & Stringer, (3) of G. Franklin Stringer, Sr., individually, (4) of G. Franklin Stringer as liquidating partner of the firm of Jewell & Stringer (without reference to the rights of G. Franklin Stringer, Jr., who seems to have been lost sight of by the trustee), and (5) the claims of Stringer & Co. which admittedly included all claims mentioned above except the personal loans of G. Franklin Stringer, Sr., from his sister, and except the loans of Mrs. Lewis, H. Leroy Lewis, and the Lewis Oyster Company to the firm of Jewell & Stringer.

The referee has followed literally the direction of the Circuit Court of Appeals in treating these three claims as individual debts of G. Franklin Stringer, Sr., and has separated them from the debts due from G. Franklin Stringer as liquidating partner of the firm of Jewell & Stringer.

There is nothing in the opinion of the Circuit Court of Appeals to indicate any difference in result in the case of such marshaling. The opinion says that six bonds were handed over to Jewell & Stringer as agent for Stringer, Sr., individually. The court then says:

"If these facts be assumed, we have a liability in favor of Lewis against the firm of Jewell & Stringer. That liability became the personal liability of Stringer, Sr., on the dissolution of the firm of Jewell & Stringer."

If it was a loan to the firm as agent for Stringer, Sr., it never was a liability against the firm and would be in exactly the same category as the claim of Mrs. Lewis.

The claim of the H. J. Lewis Oyster Company is held by the Circuit Court of Appeals to have been for money loaned to Jewell, Stringer & Co. Renewal notes were given by Jewell & Stringer, and it was a liability of the firm of Jewell & Stringer at the time Jewell withdrew. The court then says that it will take Jewell's testimony as fact, and that the H. J. Lewis Oyster Company debt, upon the transfer to Stringer, Sr., became a debt against Stringer, Sr., "individually," and not against the firm of Stringer & Co. The court further says that the evidence is not convincing that the new firm assumed that liability.

[2] Without reverting to the testimony that Stringer, Jr., was a member of the firm, and that the stock exchange seat, which had to be transferred to an individual, was the property taken over by Stringer, Sr., and without inquiring further what debts were assumed with the assets which were in fact put into the new firm by Stringer, Sr., the referee has now acted upon the statement of the Circuit Court of Appeals that the debt of the Lewis Oyster Company also became a claim against Stringer, Sr., individually and not as liquidating partner. This is upon the theory, which has been assumed all the way through, that the firm of Jewell & Stringer was solvent, so far as its creditors were concerned, at that time. But, even if solvent, there is a difference between the use by a liquidating partner of firm assets for the purpose of paying firm debts, and the use of those assets to pay his individual debts, when it is evident that he was individually insolvent throughout the entire period. Firm creditors have a right to trace, into the hands of the liquidating partner, the firm assets, after payment of firm debts. Individual creditors could look to the surplus only, in order to help out the deficit in the individual assets.

[3] The opinion of the Circuit Court of Appeals, however, holds that the three claims above referred to should be disallowed as firm debts against the assets of Stringer & Co., and takes no account of what assets were available in the hands of Stringer, Sr., as liquidating partner for firm debts of Jewell & Stringer, as distinguished from individual debts of Stringer, Sr.

The trustee thus, by his appeal to the Circuit Court of Appeals, succeeded not only in obtaining a finding that the claims of Mrs. Lewis and of H. Leroy Lewis were individual liabilities of G. Franklin Stringer, but also has obtained a finding by the Circuit Court of Appeals that he as trustee need not pay the Lewis Oyster Company claim which was a firm debt of Jewell & Stringer, because he as trustee did not show that this debt was assumed by Stringer & Co. As a

matter of fact, it was not shown that any of the other debts were taken over by that firm in company with the assets. The trustee, of course, offered no proof as to the assumption of the Lewis debts, inasmuch as he was seeking to show that these debts were not the debts of the firm at all. It was unnecessary for him to offer such proof in order to show that the claims upon which he wished to pay dividends were taken over. His failure to oppose these claims made it unnecessary.

The result is that the trustee has succeeded, not only in throwing out the entire claims of Mrs. Lewis and of H. Leroy Lewis as firm obligations and in restricting payments of these claims to the estate of G. Franklin Stringer, Sr., as an individual and not as liquidating partner, but he has also accomplished the allowance of the other claims of the earlier firms against the last firm, by his failure to raise the question of what debts were assumed, and has by the decision of the Circuit Court of Appeals excluded the H. J. Lewis Oyster Company claim from participation in the dividend on the claims admittedly assumed by Stringer & Co., which as a matter of fact received all of the assets obtained by G. Franklin Stringer, Sr., as liquidating partner of Jewell & Stringer. These assets were, of course, available only for such firm debts as went with the assets and were taken off his hands as liquidating partner, by the new firm. No further evidence has been supplied by the Lewis claimants, and they have not appealed from the disallowance by the referee.

The report of the referee declaring the dividend is correct, and the trustee should proceed to comply with the referee's order and pay the dividend in question.