In re STRINGER.

(Circuit Court of Appeals, Second Circuit. April 10, 1918.)

No. 224.

1. BANKRUPTCY ⟨⟩143(4)—ASSETS—SEAT ON STOCK EXCHANGE.
    Seat or membership in Stock Exchange, Merchants' Exchange, or Board of Trade, while in the nature of a personal privilege, is property which creditors may reach, and which on bankruptcy of the member or holder will pass to his trustee.

2. BANKRUPTCY ⟨⟩149—FIRM PROPERTY—EVIDENCE.
    Seat in Stock Exchange, though in the name of a partner, held a firm, instead of an individual, asset.

3. BANKRUPTCY ⟨⟩178(1)—FRAUDULENT TRANSFER—WHAT CONSTITUTES.
    For one not shown to be insolvent to organize a partnership, and convey to such firm individual property, such as seat on Stock Exchange, is not a transfer in fraud of creditors.

4. BANKRUPTCY ⟨⟩219—PROCEEDINGS.
    Under Bankruptcy Act, § 5h (Comp. St. 1916, § 9589), relating to bankruptcy of one member of a firm, partnership property may, by consent of the partner or partners not adjudged bankrupts, be administered in partnership proceedings of one of the partners.

5. BANKRUPTCY ⟨⟩219—PARTNERSHIP.
    Under Bankruptcy Act, § 5h (Comp. St. 1916, § 9589), declaring that in the event of the bankruptcy of one or more, but not all, of the members of a firm, the partnership property is not to be administered, unless by

consent of the partner or partners not adjudicated bankrupts, the firm property may be administered on bankruptcy of the sole surviving partner, both individually and as sole surviving partner.

Petition to Revise and Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of G. Franklin Stringer, individually and as sole surviving partner of Stringer & Co. The referee held that certain property was firm property, and his action was sustained by the District Court. From such order Mary E. Lewis and others appeal, and also petition to revise. Petition to revise dismissed, and order appealed from affirmed.

This cause comes here upon petition to revise an order entered in the District Court on January 11, 1918. The facts appear in the opinion.

Henry M. Stevenson, of New York City, for petitioners.

A. Gordon Murray, of New York City, for trustee.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

ROGERS, Circuit Judge. A voluntary petition in bankruptcy was filed by the bankrupt on January 12, 1915. Matters connected with this bankruptcy have been heretofore adjudicated in several reported cases in the District Court. 230 Fed. 177; 233 Fed. 799; 234 Fed. 454; 244 Fed. 629. When the matter came before this court a year ago, we decided that the claims of Mary E. Lewis, H. Leroy Lewis, and the H. J. Lewis Oyster Company were not entitled to share in the distribution of the firm assets of Stringer & Co. The case is reported in 240 Fed. 892, 153 C. C. A. 578.

It appears now that the referee has declared an additional dividend of 10 per cent. to the firm creditors of Stringer & Co., but that he has been stayed from paying it until it can be determined whether the sale price of a New York Stock Exchange membership is an asset of the firm of Stringer & Co. or the individual property of G. Franklin Stringer. The referee has held that it is an asset of Stringer & Co., and his action has been sustained by the District Judge; and the question which is now presented to this court is whether the District Judge fell into error in holding that the seat on the Stock Exchange is to be held as an asset of Stringer & Co. or the individual property of G. Franklin Stringer, as a liquidating partner of Jewell & Stringer. The decision of this court in the former case said nothing whatever as to the disposition of this asset; that question not having been presented to us at that time. The petitioners in the present case are the same parties whose claims were presented in the first case and held not to be claims against the assets of Stringer & Co. The petitioners, having been excluded as to certain of their claims from the firm assets, are now here as exceptants, objecting to the decision of the lower court that the seat on the Stock Exchange is a firm asset, and they seek to have it decided that the asset is an asset of Stringer individually.

253 F.—23

[1] Before considering that question, it may be pointed out that a difference of opinion has existed in the courts as to whether a seat or membership in a stock exchange, or merchants' exchange, or board of trade, is property which, if fraudulently conveyed or assigned, may be reached in equity by creditors. That the creditors cannot reach it seems to have been held in Barclay v. Smith, 107 Ill. 349, 47 Am. Rep. 437, Weaver v. Fisher, 110 Ill. 146, Pancoast v. Gowen, 93 Pa. 66, and In re Sutherland, Fed. Cas. No. 13,637. But, whatever may have been thought at one time on this subject, the Supreme Court of the United States has settled the matter that membership in a stock exchange is property which passes to a trustee in bankruptcy as assets of the bankrupt's estate. Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318; Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264. And see In re Page, 107 Fed. 89, 46 C. C. A. 160, 59 L. R. A. 94 affirming (D. C.) 102 Fed. 746. While such property is peculiar, and in its nature a personal privilege, yet such value as it may possess, notwithstanding the restrictions to which it is subject, is held to be susceptible of being realized by creditors. This court in Re Hurlbutt, Hatch Co., 135 Fed. 504, 68 C. C. A. 216, held that a seat in the New York Stock Exchange passed to a trustee in bankruptcy.

[2] It appears that the records of the Stock Exchange disclose that Edward H. Jewell became a member of the Stock Exchange in December, 1902; that on May 23, 1912, his membership was transferred to G. Franklin Stringer; that the latter was a member of the firm of Stringer & Co., which traded on the Exchange; and that Stringer's membership was transferred on August 26, 1915, for $55,000, which amount the Exchange paid over to Stringer's trustee in bankruptcy on September 13, 1915, after deducting therefrom $1,704.90, being claims against the firm of Stringer & Co. It is not disputed that the seat was originally an asset of the firm of Jewell & Stringer. Then, when that firm was dissolved, the seat was transferred to Stringer in his individual name on the books of the Exchange. The record shows that a rule of the Stock Exchange requires a membership in that organization to be an individual membership, and not a firm membership. The firm has no right to appear on the floor of the Exchange, but the membership as an asset of the firm is liable for any debt contracted by any member, and the Exchange regarded and treated Stringer's membership as an asset of the firm of Stringer & Co., and it is stipulated that at the time Jewell transferred his membership in the Exchange to Stringer the latter "became the board member of Stringer & Co., and was published as such in Stock Exchange publications." For the two years and nine months that Stringer & Co. continued to exist this seat was utilized by it in its business. It appears that the understanding between Stringer and his son, who constituted the only other member of the firm, was that Stringer should furnish the whole of the capital and the son was to put no money into the business. He was to contribute only his services, and was to share to the extent of 25 per cent. in the profits or losses; and an affidavit in the record states that:

"The membership in the Stock Exchange that had become the property of G. Franklin Stringer was thus contributed to Stringer & Co. as a part of its capital which the bankrupt had promised to furnish."

As Stringer & Co. was a stock brokerage firm doing business on the Stock Exchange by virtue of Stringer's membership therein, and as the obligations incurred by that firm on the Exchange were liabilities against the seat held by Stringer, the conclusion that the seat was an asset of the firm seems justified upon the facts disclosed.

[3] It is said, however, that when the membership in the Exchange became the individual property of Stringer, by virtue of Jewell's transfer of his seat to Stringer, the latter had no right to convert it into an asset of Stringer & Co., and that the attempt to do so was fraudulent and void as to creditors. I am unable to concur in any such conclusion. This court decided in the former case that Stringer took the assets of Jewell & Stringer as his separate property, free from the liens of the firm creditors. There is no attempt made in this case to have this court reverse its former decision upon that point. So that I begin this case at that point, and say that it is established that Stringer took the assets of Jewell & Stringer, including this seat on the Exchange, as his individual property, free from the liens of the creditors of the old firm. It was also decided in the former case, and it is not controverted in this, that at the time the old firm was dissolved, and the new firm was organized, it does not appear that Stringer was insolvent. As the assets then were Stringer's individual property, and he is not shown to have been insolvent at the time, how can it be said that he did not have the right to organize the new firm of Stringer & Co., of which he was a member, and put these assets into it? This court, in the Matter of Braus, 248 Fed. 55, —— C. C. A. ——, held that where one who does not know whether he is solvent or insolvent organizes a corporation, and transfers his property to it in return for its capital stock taken at full valuation, the transaction is not in itself to be regarded as a hindering and delaying of creditors within the meaning of the statute of Elizabeth; and I am not prepared, therefore, to hold that it is in itself within the meaning of that statute a hindering and delaying of creditors for one, not shown to be insolvent at the time, to organize a partnership and to embark his property in the partnership enterprise. I am unable to distinguish the two cases in principle.

This court cannot hold that one who puts into a partnership his individual assets is to have the transaction treated as though it were a voluntary transfer of his assets to some third person, which can be declared fraudulent as to creditors unless he retains in his individual possession sufficient remaining assets to pay the whole of his debts. I know of no case which asserts that doctrine, and if there be any we are concluded by our decision in the Matter of Braus from following it, if we were so disposed. If A. transfers his property to B., he puts his property beyond his creditors, for the creditors of A. cannot levy upon the property of B. If, however, A. and B. form a corporation or a partnership, into which A. puts his property, he does

not thereby put the property beyond the reach of creditors. They may levy in the one case on A.'s shares of stock, and in the other on the firm property to the extent of A.'s interest. That is the law of this court as established in the Matter of Braus.

[4, 5] There has been no adjudication of bankruptcy of the firm of Stringer & Co., and prior to the filing of the petition now under consideration the firm of Stringer & Co. had been dissolved by the death of the bankrupt's son. The death of the son, who, with Stringer Sr., constituted the only two members of the firm, occurred on January 9, 1915. The voluntary petition in bankruptcy was filed by the bankrupt herein on January 12, 1915, and on the same day he was duly adjudicated a bankrupt, individually and as sole surviving partner of Stringer & Co. We are told by the petitioners that the proceeds of the Stock Exchange seat cannot be distributed among the creditors of Stringer & Co. for the reason that that firm is not in bankruptcy. There is no doubt that as a rule partnership affairs are not to be administered by the trustee of the individual bankrupt without the consent of the remaining members.

The Bankruptcy Act (Act July 1, 1898, c. 541, § 5h, 30 Stat. 547 [Comp. St. 1916, § 9589]) expressly declares that in the event of one or more, but not all, of the members of a partnership being adjudged bankrupt, the partnership property is not to be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt. It follows, of course, that by the consent of the partner or partners not adjudged bankrupt the partnership property may be administered in the bankruptcy proceedings of one of the partners. In re Filmar, 177 Fed. 170, 100 C. C. A. 632; In re Harris (D. C.) 108 Fed. 517.

We know of no reason why, under the circumstances of this case, the court having jurisdiction over Stringer as an individual and as sole surviving partner of the firm of Stringer & Co. has not complete jurisdiction over the partnership estate; there being no surviving and solvent partner who is entitled to administer upon the partnership estate, and no administrator, so far as it appears, of such a partner. See In re Pierce (D. C.) 102 Fed. 977. Under the circumstances as disclosed by the record in this case it is quite immaterial that the firm of Stringer & Co. has not been adjudicated a bankrupt. We know of no reason why the court below should not distribute the funds in the trustee's hands and which belong to the firm creditors of Stringer & Co.

My Associates concur in the result, on the ground that the case presented by the petition cannot be distinguished from In the Matter of Braus.

The petition for review is dismissed, and the order appealed from is affirmed.