LEWIS, HAIGHT and BRADLEY, JJ., concurred.

---

FRANK BALL and Another, Individually and as Executors, etc., of EDWIN J. DIXON, Deceased, Appellants, v. CHARLES DIXON and Others, Respondents.

*Term "personal property" used in a will — construed with reference to other provisions disposing of it — intestacy avoided if possible — admissibility of communications between an attorney and a deceased client.*

Property is divided into two general divisions, real property and personal property, and construing the words personal property in their broadest sense — as used in a clause of a will devising and bequeathing a farm and the personal property thereon, including all the personal property in the house erected thereon — promissory notes, certificates of deposit and money in bank, represented by pass books contained in a safe in such house, would pass thereunder; such construction, however, should not be adopted when such will contains a residuary clause, under which such notes, certificates and money would pass, were they not included in the specific devise and bequest.

The presumption is that testators intend to dispose of all their property by will, unless the contrary intention plainly appears, and such a construction of a will which avoids intestacy on the part of the testator will be adopted, if possible.

The communications of a deceased client to his attorney are inadmissible in evidence upon the trial of an action if not made competent by, and coming within, the provisions of section 836 of the Code of Civil Procedure.

The will of a testator contained, among others, a clause in the following words: "I give, devise and bequeath to my nephew, William I. Ball, the farm on which

I now reside, containing about one hundred and forty-four acres of land, together with all the personal property upon said farm, including all the personal property in the house and in the other buildings on said premises, subject, however, to a bequest of $2,000 to Frank Ball."

It was shown upon the trial of an action brought for the construction of such will, that the farm referred to in such clause was an ordinary country farm, upon which there was personal property of the value of $1,500, consisting of stock, farming implements, household furniture and a small amount of farm products; that William I. Ball was a nephew of the testator, and had assisted the deceased to some extent upon the farm, and was with him during his last sickness. In the house upon such farm was a safe containing about one-third of the entire value of the testator's estate, consisting of promissory notes; certificates of deposit and pass books, representing money in bank, amounting in value to the sum of $16,161.42.

The will contained a residuary clause under which the securities in the safe would pass if they did not pass under the clause above quoted, and authority was given by the will to the testator's executors to sell such securities of the testator as they should deem best for the purpose of carrying out the provisions of his will.

No reason was shown why the testator should exercise his bounty particularly in favor of the legatee, William I. Ball.

*Held,* that the promissory notes, certificates of deposit and money represented by pass books contained in the safe, passed under the residuary clause of the will of the testator and not under the clause above quoted.

APPEAL by the plaintiffs, Frank Ball and another, individually and as executors, etc., of Edwin J. Dixon, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cayuga on the 13th day of February, 1894, upon the decision of the court rendered after a trial at the Cayuga Special Term, construing the will of Edwin J. Dixon, deceased, and dismissing the plaintiffs' complaint upon the merits, with notice of an intention to bring up for review upon such appeal an order dated January 27, 1894, granting additional allowances of costs.

*J. D. Teller,* for the appellants.

*Edwin G. Davis* and *James Lyon,* for the respondents.

LEWIS, J. :

This action was brought by the plaintiffs individually and as executors to secure a construction of the will of the testator, the material parts of which are as follows :

"I give, devise and bequeath to my nephew, William I. Ball, the farm on which I now reside, containing about one hundred and forty-four acres of land, together with all the personal property upon said farm, including all the personal property in the house and in the other buildings on said premises, subject, however, to a bequest of $2,000 to Frank Ball.

"I give and bequeath to Frank Ball the sum of $2,000, to be paid as above set forth.

"I give and devise to the children of Moses Dixon, deceased, the Oakland real estate in the town of Brutus, of which I own an undivided three-fourths; the value of said three-fourths interest I place at $3,000, for the purposes hereinafter set forth. I give, devise and bequeath all the rest and remainder of my real, personal and mixed estate, share and share alike, to my brother Charles Dixon, my sister, Jennette Ball, the children of my brother Aaron Dixon, deceased (which shall represent one interest), the children of my brother Moses Dixon, deceased (which shall represent one interest), but out of the interest of the children of Moses Dixon, deceased, shall be deducted the sum of $3,000, the value of the Oakland real estate, which shall be so much payment of the share bequeathed to said children. * * * In addition to the sum of $2,000 bequeathed to Frank Ball, I give and bequeath to him the further sum of $3,000, to be deducted from the sum bequeathed to the children of Moses Dixon. For the purpose of carrying out the provisions of this will my executors are authorized to sell such securities as they shall deem best."

Frank and William I. Ball were appointed executors of the will. The testator was a bachelor, and resided upon the farm mentioned, located in Cayuga county. Upon the farm were the ordinary stock and farming implements, the household furniture and a small amount of products of the farm in the barns. The personal property mentioned upon the farm was of the value of about $1,500. It does not appear from the record what the farm was worth. He owned a three-fourths interest in the Oakland property, and in addition thereto bonds and mortgages of the value of $37,815.51, promissory notes, certificates of deposit and money in banks, amounting in value to $16,161.42.

The testator had, some time prior to the execution of his will,

delivered to his attorney a part of the bonds and mortgages, and the balance of them he delivered to him the day prior to the execution of his will. The promissory notes, certificates of deposit and pass books representing the money in bank were, at the time of the execution of the will, in a safe at the testator's dwelling house upon the farm. The will was executed on the 16th day of February, 1892, and the testator died on the fourteenth day of March following. Frank and William I. Ball were nephews of the deceased.

It is the contention of the appellants that the contents of the safe were, by the first clause of the testator's will, bequeathed to the plaintiff William, and that is the principal question presented for our decision. The trial court held that they did not pass under the will to William, but were disposed of by the residuary clause of the will, and we agree with the construction given to the will by the trial court.

The evidence tended to show that William had assisted the deceased to some extent about the farm, and was with him during his last sickness. While there is no direct evidence as to the value of the farm, a general description of it is given by the evidence. It seems to have been an ordinary country farm. If the testator intended to give to William the contents of the safe, he was giving him about one-third of the entire value of his estate. We naturally look to see the reason for his bestowing upon William so large a part of his property, and nothing appears in the record throwing any light upon that question. · No reason is apparent why William should have been so highly favored as his contention would imply. The plaintiff Frank Ball was a brother of William. The deceased left a brother, two sisters and the children of two deceased brothers. If the contents of the safe are to be held to be disposed of by the residuary clause of the will the deceased would seem to have made an equitable and reasonable disposition of his property. If we should give to the words " personal property " in the first clause of the will their broadest and most comprehensive signification they would undoubtedly carry the contents of the safe. Property is divided into two general divisions, real property and personal property. Had the will failed to dispose of the contents of the safe by the residuary clause there are authorities justifying the giving to such words their broadest meaning; but we are not required to

adopt that rule here, for, as stated, if the property in question was not bequeathed to William it passed to the legatees mentioned in the residuary clause. In construing the clause in question we are to ascertain, if possible, the intention of the testator. William had assisted him to some extent in the management of his farm and it was quite natural that he should desire to give it to him. To carry on the farm he needed the stock, farming implements, products of the farm and the household furniture. The testator, we think, had in mind in framing the clause in question that class of property. Had he intended to give to William the contents of the safe he would, we think, have specifically described them in language ordinarily used in describing that kind of property, especially as its value composed so large a part of his estate. In speaking of such property laymen do not ordinarily call it personal property; they designate it as promissory notes, certificates of deposit and money in bank. Had it been the intention of the testator to give the contents of the safe to William we think he would have given a particular description of the property in language that would not be likely to be misunderstood.

He authorized his executors by the will to sell such securities as they should deem best for the purpose of carrying out the provisions of the will. Had he intended that William should own the contents of the safe he would naturally have designated the securities which the executors were to sell and excluded the promissory notes in the safe. We are referred to many authorities, both in England and in this country, where questions somewhat similar have been passed upon. The current of the authorities is in harmony with the construction which we give to this clause. In the case of *Matter of Reynolds* (124 N. Y. 388) construction is given to the language of a will somewhat analgous to the case at bar, and is an authority sustaining the conclusion we have reached. Many of the cases to which we are referred by the appellants' counsel, where a broader meaning was given to similar words, were cases where, if the words were held not to carry the property, the testator would have died intestate as to the property in question, and that is to be avoided, if possible, for the presumption is that testators intend to dispose of all their property by their wills unless the contrary intention plainly appears. That portion of the testimony of the attorney

Shertleff, which was received under objection and without prejudice to a motion to strike out, was, we think, incompetent and was properly stricken out. It consisted of communications made to him by the testator in the course of his professional employment, and it was not made competent by section 836 of the Code of Civil Procedure.

The testator having given to the children of Moses Dixon his interest in the Oakland real estate, the value of which for the purposes of the will he fixed at $3,000, he deducted that sum from the share of the estate given to them by the residuary clause of the will.

The judgment appealed from should be affirmed, with costs to the appellants and to the respondents Fred Dixon and others, and also costs to the respondents Arthur Dixon and others, to be paid by the executors out of the estate.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs to the plaintiffs and to the defendants Fred Dixon et al. and the defendants Arthur Dixon et al., payable out of the estate.