(109 App. Div. 158.)

In re DONOHUE'S ESTATE.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

WILLS—CONSTRUCTION—RESIDUARY LEGACIES.

Testator's will in the fourth and fifth clauses devised certain real estate to devisees for life, the same on their death to go to "my residuary devisees named in the ninth clause." Other clauses made specific bequests of personal property. The eighth clause gave to a certain devisee all the personal effects of the testator on storage in a certain warehouse, and the ninth clause gave all the residue of the property, together with the real estate mentioned in the fifth clause, to a certain devisee. Held, that the personal property not specifically disposed of and not in the warehouse mentioned was governed by the ninth clause, and not by the eighth.

Appeal from Surrogate's Court, Kings County.

Judicial proceedings on the settlement of the estate of George W. Donohue, deceased. Appeal from a decree of the Surrogate's Court, directing the executors and executrix to transfer the personal property of the decedent to Dennis A. Judge, as administrator of the estate of Anna Judge, deceased. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOK-ER, RICH, and MILLER, JJ.

Albert B. Boardman, for appellants.

Martin W. Littleton (John C. Judge, on the brief), for respondent.

WOODWARD, J.   George Donohue died on the 13th day of December, 1902, leaving a last will and testament, which was admitted to probate by a decree of the Surrogate's Court of Kings county on September 14, 1903, and letters testamentary thereon were issued to Frank Zerega, John H. McCooey, and Marietta L. Donohue, executors and executrix named in said will.   On the 3d day of October, 1904, Dennis A. Judge, as administrator of the estate of Anna Judge, petitioned the Surrogate's Court to direct the said executors and executrix to turn over to him all of the personal estate of the decedent; claiming the same under the provisions of the eighth clause of the will.   The prayer of the petitioner has been granted, and the question presented upon this appeal is whether the will of the testator passed title to all of the personal estate.

In the construction of wills, as of other written instruments, it is fundamental that all parts of the writing are to be read and considered together, to the end that each clause shall, if possible, be given effect, and that the true intent of the testator shall find expression and be given effect.   The first clause of the will in question provides for the payment of debts and funeral expenses.   The second clause provides for the interment of himself and others, and for the final sealing of the vault.   The third gives and bequeaths unto the Holy Cross Cemetery a sum of money in trust, to be used for keeping the burial plot in condition.   The fourth gives, devises, and bequeaths unto James Powers certain premises in Brooklyn during his life, and upon his death the same is to go to "my residuary devisees named in the ninth clause of this my will."   The fifth makes a like disposition of another place to Mrs. Anna Brodie.   The sixth gives and bequeaths to Marietta L. Donohue, "widow of my late brother, Augustus H. Donohue," the sum of $5,000.   The seventh gives and devises unto the children of Theodore A. Madden certain other real estate in the borough of Brooklyn, providing that, if there are none to take finally, it should go to the devisees named in the ninth clause of his will; and he also devises unto said Theodore Madden the burial lot in which his parents are buried.   Having thus made these provisions, referring all failures to take, with the exception of the $5,000 bequest, to the devisees named in the "ninth or residuary clause of this, my will," as he himself terms it in the seventh clause, the testator reaches the eighth clause—the one under which the respondent claims—and this will be set out in full, although only the latter part of the same is involved in the matter now before us.   The eighth clause reads as follows:

"Eighth. I give and bequeath unto the College of St. Francis Xavier, now located in West Sixteenth Street, Borough of Manhattan, City of New York, the sum of two thousand dollars, to be utilized by said college in founding two scholarships, to be known as 'Mary T. Donohue Scholarships.'

"I give and bequeath unto Home for the Aged of the Little Sisters of the Poor, located at Bushwick and De Kalb Avenues, Borough of Brooklyn, City of New York, the sum of five thousand dollars.

"I give and bequeath unto Reverend Father Lung, now connected with the Church of St. Charles Borromeo, Sidney Place, Borough of Brooklyn, City of New York, the sum of three thousand dollars.

"I give and bequeath unto my godson, John McCooey, son of John H. McCooey, now residing at 1426 Pacific Street, Borough of Brooklyn, City of New York, my diamond studs, and also the sum of one thousand dollars.

"I give and bequeath unto John H. McCooey my diamond ring.

"I give and bequeath unto Frank L. Zerega, of 171 Hicks Street, Borough of Brooklyn, City of New York, my watch and chain and locket.

"I give and bequeath all the personal effects belonging to me and on storage in the warehouse located on Schermerhorn Street, near Third Avenue, in the Borough of Brooklyn, City of New York, to Mrs. —— Judge, the daughter of David S. Stewart. Mrs. Judge now resides on Lafayette Avenue, Borough of Brooklyn, City of New York."

It is under this last paragraph that the respondent claims, and the learned surrogate has decreed that all of the testator's personal property not specially disposed of belongs to the estate of Mrs. Judge. We are to determine the intent of the testator in respect to the same. Reading the paragraph in connection with the entire will, or even in its relation to the eighth clause, we are unable to reconcile the language with an intent on the part of the testator to dispose of all his personal estate to Mrs. Judge. It seems to us that the plain and obvious intent of the testator was to make the eighth clause of his will cover a number of incidental or small bequests, and that he intended to give and bequeath to Mrs. Judge such personal effects as he had stored at the warehouse on Schermerhorn street; and this the language of the will fairly states. Any other reading makes it necessary to defeat the other specific bequests, or to write into the will an exception in favor of those to whom specific bequests had been made. It makes meaningless the ninth clause of the will, which provides that:

"All the rest, residue and remainder of my property, of every kind and character, which I now own or possess, or to which I may be entitled at the time of my death, including all property not heretofore effectually disposed of, and the two houses and lots known as No. 122 Hudson Avenue and No. 52 Navy Street, Borough of Brooklyn, City of New York, after the death of their respective life tenants, I give, devise and bequeath unto Mrs. David S. Stewart."

It is ingeniously suggested, however, that this residuary clause can be given effect in reference to the devise of the real estate, and that the last paragraph of the eighth clause is to be regarded as the residuary provision of the will, and that it conveys the personal property. It is to be remembered, however, that we are seeking the intent of the testator, so far as that intent is lawfully expressed. All of the real estate specifically mentioned in the ninth clause of the will is effectually disposed of by the fourth and fifth clauses, reference being made to the ninth clause merely for the names or descriptions of the persons who are to take after the death of the life tenants; while by the seventh clause certain other real estate is disposed of in fee, with a provision that, if there should be no one to take the premises, they should go to "the devisees named in the ninth or residuary clause of this, my will." The ninth clause, so far as the real estate is concerned, can therefore serve no other purpose than to point out the persons indicated in the previous clauses. When the testator himself points out the ninth clause of his will as the residuary clause, it must be presumed that he had in

mind the fulfillment of the purposes of a residuary clause, and the conveying of such estate, of whatever kind or character, as had not otherwise been disposed of by the previous clauses. The language of the "ninth or residuary clause of this, my will" is that "all the rest, residue and remainder of my property, of every kind and character, which I now own or possess," etc., shall go to Mrs. Stewart. This clearly contemplated that there would be property left after the dispositions made by the eighth clause, and, as all of the real estate had been finally provided for, with the exception of the name, which was to be found in the ninth clause, it is absurd to urge that the testator designed the last paragraph of the eighth clause to serve any other purpose than to convey to Mrs. Judge title to the personal effects to be found in the warehouse designated. This is the plain and obvious intent of the language used in the eighth clause; it is the only construction which is consistent with the testator's own view of what should constitute the residuary clause of his will, and it is the only one in harmony with rational construction, having in view a proper sense of proportion and arrangement. We have no right to make a new will. There is nothing to indicate any intention on the part of the testator to make a will in harmony with the decree which has been entered, and, except in a very clear case, we have no authority to add to or to take away words from the language used by the testator in disposing of his property. The contention of the appellants gives us a rational and harmonious instrument, each clause fulfilling its obvious and natural purpose, and there is no occasion for bringing in rules of construction which have place only where there is a real problem to be solved.

The decree of the Surrogate's Court should be reversed, and the petition denied, with costs. All concur.

HIRSCHBERG, P. J. I concur in the views expressed in the opinion of Mr. Justice WOODWARD, but I entertain the further view that the precise language of the last paragraph of the eighth clause of the will necessarily limits the bequest to the personal effects of the testator which were on storage in the warehouse located on Schermerhorn street, in the borough of Brooklyn, at the time of the execution of the will.