In the Matter of the Estate of CHARLES C. WHITFORD, Deceased.

Surrogate's Court, Saratoga County, January 10, 1933.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the executrix.

*Howard A. Glassbrook*, for Roy J. Whitford and Charles F. Whitford, contestants.

TUCK, S. The executrix filed her account and petition for settlement thereof, and Roy J. Whitford and Charles F. Whitford,

Jr., the only other persons interested, filed authorizations for the appearance for them by Howard A. Glassbrook, their attorney, and also at the same time filed an application for construction of the will and objections to the account of the executrix.

The issues raised by the objections filed have now been resolved to three, relating, *first*, to a sum of money found in testator's safe; *second,* to a sum of money collected by the executrix upon the accounts due testator's business; and *lastly,* to an automobile known as a Chrysler coupe.

The facts are not disputed.

Among testator's effects there was found in a safe in the building in which be carried on an awning business, fifty-nine twenty-dollar bills; twenty-one five-dollar bills; forty-nine ten-dollar bills; twenty-one fifty-dollar bills; fourteen one-hundred-dollar bills. These bills were all of the old type or large size, and were all folded once and were in a bundle in a gray sock in one of the narrow openings of the safe which extended from the top to the bottom. In one of the drawers of the safe there was found the sum of eight dollars in silver. The packages of bills were separated by torn envelopes or pieces of paper — old and worn — and on the papers, or some of them, appeared the words, " Charles C. Whitford, 33 Clark Street, stock sheet." No books of account or memoranda in connection with the current business were found in the safe. The sum of $502.80 was collected by the executrix on accounts due from customers of the decedent's awning business.

Prior to the time the will was executed the decedent and his wife together bought a Chrysler roadster automobile which was registered in the name of Harriett P. Whitford, testator's wife, and which was being operated by her prior to the time of the execution of the will and up to the time of testator's death.

Contestants claim that this automobile is the one referred to by decedent in clause " third " of his will, and that a certain Chrysler coupe which was purchased subsequent to the execution of decedent's will and used by him to some extent in his business is a part of the personal property passing to the two sons under the " second " clause of the will.

At some time prior to his death testator had owned two automobile trucks. He also owned a Nash sport model 1922 automobile which was used as a pleasure car and driven by both Mr. and Mrs. Whitford. In 1929 testator exchanged the Nash sport model automobile for the Chrysler coupe which he owned at the time of his death.

The second paragraph of decedent's will reads as follows:

" *Second.* I give, devise and bequeath all of the stock, fixtures,

tools, apparatus and personal property of every kind heretofore used by me in the awning business carried on by me at 32 Clark Street, Saratoga Springs, New York, including the automobile trucks used in connection with said business, to my sons, Roy J. Whitford and Charles F. Whitford, Jr., share and share alike, on condition, however, and this bequest is subject to the payment by my said sons of all outstanding bills and accounts owed by me on account of said business or otherwise, except claims arising out of my last illness and decease."

The third paragraph of the testator's will reads:

" *Third.* I give and bequeath the automobile kept by me for pleasure use and used by my wife to my said wife, Harriett P. Whitford."

Contestants claim that the safe in which the sum of $4,233 in bills was found was a part of the property passing to them under the terms of paragraph " second " of the will and that such money is personal property and intended by the testator to pass under the provisions of said paragraph " second."

Cash money is undoubtedly personal property. That this sum of cash money was used in the awning business carried on by the testator does not in any way appear from the facts presented to the court. The facts tend to establish this cash money as a hoarded saving on the part of the testator. Since the bills were different in size from those currently issued by the Treasury authorities at the time of testator's death, although the use of such larger size bills had not by any means entirely ceased, yet the fact that all of the bills so found were of a large size would seem to indicate that this fund was a secret saving of the testator over some considerable period of time.

The authorities applying to cases similar in fact to the present one uniformly hold that gifts in form of contents of a building, vault, receptacle or the like, do not include money, securities, evidences of debt and the like that happen to be on the premises at the death of the testator. (*Matter of Donohue,* 109 App. Div. 158, 162; *Matter of Delaney,* 133 id. 409; *Ludwig* v. *Bungart,* 33 Misc. 177; *Ball* v. *Dixon,* 83 Hun, 344, 348; *Kenyon* v. *Reynolds,* 6 Dem. 229; *Matter of Reynolds,* 124 N. Y. 394.)

There seems to be nothing in the facts appearing in connection with this case by which the principle established in the foregoing decisions would seem to require modification, and the court is persuaded that this sum of money did not, and was not, intended to pass as a part of the personal property mentioned in the " second " paragraph of testator's will.

The substance of the second paragraph of testator's will com-

prehends a gift of the stock, tools and business of the decedent carried on at 32 Clark street to his sons, Roy J. Whitford and Charles F. Whitford, Jr. It seems to have been the intent of the testator to pass the business itself, and such a bequest would seem to include the good will of the business, bills receivable, money deposited in bank to the credit of the business and similar items. (*Matter of Lowe*, 206 N. Y. 671; *Gilles* v. *Stewart*, 2 Dem. 417; *Matter of McNulty*, 168 N. Y. Supp. 591; *Matter of Quinn*, 5 id. 261.)

The executrix has collected $502.80 on account of bills owing to the business, and her account should be surcharged by the amount so collected by her.

Contestants claim that the language of the third paragraph in effect identified the automobile which it was intended by the testator to give to his wife, and that it was intended by him to give his automobile then owned by him, that the legacy is a specific legacy and under the rule relating to specific legacies the will speaks as of the time of its execution.

It has been held in *Waldo* v. *Hayes* (96 App. Div. 454, 456), in a case where the will expressed a gift of " my diamond brooch " and that at the time of execution of the will the testatrix owned such a brooch, the legatee was entitled to take another diamond brooch — the last of a succession of brooches which the testatrix had possessed.

It cannot be said that the words in the present will indicate more than the words referred to in *Waldo* v. *Hayes*, an intention to make a specific bequest, and we believe that the contention of the contestants in respect to the automobile must be denied.

Let a decree be entered accordingly, upon notice.