In the Matter of the Estate of FRANK J. JOHNSON, Deceased.

Surrogate's Court, Oneida County, May 23, 1938.

*Albert E. Campbell*, for the petitioners.

*Coley, Kiley & Kiley*, for the Vernon Public Library.

*William E. Lounsberry*, for the legatees.

*Merchant B. Hall*, for the executrix.

RINGROSE, S. The petitioners in this proceeding seek a construction of the second paragraph of the will under consideration, which reads as follows:

" *Second.* I give, devise and bequeath to *Estella M. Franklin and A. Leslie Burleigh*, both of Vernon, New York my general merchandise business, including both real and personal property in said Village connected with said business, to be divided between them, share and share alike, EXCEPTING the store bank account and any and all moneys as are deposited therefrom at the date of my decease."

It is contended by the beneficiaries under this paragraph of the will that it was the intent and purpose of the testator to include as an integral part of the business therein bequeathed to them the accounts receivable, the moneys remaining in the store at the date of his death, and any unpaid notes. The case is devoid of any evidence as to the source of either the money remaining in the store or the alleged notes. They are opposed in their contention by Alvira Graves and the Vernon Cemetery Association, beneficiaries under the will in the sums of $3,000 and $2,000, respectively, and by the Vernon Public Library, the recipient of a $2,000 legacy and the residuary estate.

The testator was a prominen business man of the village of Vernon, N. Y., where for upwards of thirty years he had successfully conducted a mercantile business and for many years, immediately preceding his death, was a director of the local bank.

His will, dated April 1, 1937, was admitted to probate by a decree of this court on January 17, 1938, and letters testamentary thereupon issued to Bessie S. Morris, the named executor. He was unmarried and left him surviving two cousins as his only distributees.

From the inventory filed in the estate, and which is before the court, the gross assets, exclusive of real estate, are fixed at $27,549.52, in which sum is included the store inventory appraised at $15,540.30, accounts receivable valued at $2,797.42, money in the store in the amount of $553.97, and fixtures in the store and storehouse, including a delivery truck appraised at $790.50. There is no evidence before the court of the indebtedness chargeable against the business or of the debts of the deceased.

As bearing on the relative merits of the conflicting claims, preferential consideration cannot be claimed by any of the beneficiaries by reason of kinship to the testator. From related facts and circumstances, however, it appears that on the one hand, the deceased was actuated by a desire to reward his employees for years of diligent and faithful service, and on the other to perpetuate his memory in the community in which he had lived for many years and in a manner beneficial to his neighbors and the residents of the vicinity, whose patronage had made possible his material success and ability to accumulate a substantial estate.

In this construction proceeding consideration must be given the fact that the will was drafted by an able and experienced lawyer, and by reason thereof the court is circumscribed by certain limitations and restrictions which are admirably correlated in *Matter of Barrett* (141 Misc. 637, 638) as follows: " In examining that language we must take into consideration the fact that it was drawn by an experienced lawyer and must give to the words used their usual and accepted meanings without enlargement and without restriction (*Overheiser* v. *Lackey*, 207 N. Y. 229, 233; *Adams* v. *Massey*, 184 id. 62, 70), and when particular or technical terms are used particular or technical interpretation or construction follows as of course in the absence of all clear intent to the contrary. (*Matter of Catlin*, 97 Misc. 223, 227.) We must also keep in mind that no words used by the testator should be cast aside as meaningless, but that effect must be given if possible to every word and provision. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Matter of Briggs*, 180 App. Div. 752; *Matter of Hemstreet*, 101 Misc. 340; *Kent* v. *Fisk*, 151 App. Div. 279.) We must also keep in mind that it is the duty of the court ' to interpret, not to construct; to construe the will, not to make a new one.' (*Simpson* v. *Trust Co. of America*, 129 App. Div. 200, 203; *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Tilden* v. *Green*, 130 id. 29, 51; *Edit* v. *Edit*, 203 id. 325, 328.)"

The court is further bound by the presumption that the language used expresses the testator's intent. (*Matter of Buechner*, 226 N. Y. 440, 444; *Salter* v. *Drowne*, 205 id. 204, 212.)

In the instant case it is clearly apparent that the testator intended to give to his employees, as a going concern, the mercantile business, as then owned and operated by him, with the exception of " store bank account and any and all moneys as are deposited therefrom at the date of my decease." While the term " business " has been variously defined and is a comprehensive term which embraces substantially everything about which a person can be employed, in this case it is limited to what was actually connected with the mercantile business as conducted by the testator. Our difficulty here, to some extent at least, is an interpretation of the terms which will effectuate the expressed intent and purpose of the deceased.

From the nature of this provision of the will under consideration, which includes a devise of the real property connected with the business, it is clearly apparent that the testator intended the beneficiaries to continue the same. To do so would imply the transfer of the capital which is most essential to the continuance or conduct of the type of business with which we are concerned. An important item of the capital of any business in which credit is extended

consists of the accounts receivable. (*Boulle* v. *Tompkins*, 5 Redf. 472; *Matter of Whitford*, 146 Misc. 82; *Matter of Frey*, 154 id. 421; *Matter of McNulty*, 168 N. Y. Supp. 591; *Matter of Lowe*, 149 App. Div. 347.)

On appeal to the Court of Appeals the decision in *Matter of Lowe* (*supra*) was modified by charging against the business the accounts payable, and otherwise affirmed without opinion (206 N. Y. 671).

In the *Lowe* case the testator bequeathed and devised to his daughter "my printing office and bindery, together with all the presses, bindery machinery, type, paper on hand, office furniture and equipment of every nature connected with said business." In the controversy that ensued over the ownership of the bills receivable, bank account and cash, the court determined that the same passed to the daughter as an integral part of the business.

While the facts and circumstances in the *Lowe* case are not identical with those in the instant case, the conclusion there reached with reference to the bills receivable is binding in this court. Also controlling would be the decision in the *Lowe* case as to the cash in the store, were it not for the expressed intent of the testator to except from the legacy of the business " the store bank account " and any and all moneys " as are deposited therefrom at the date of my decease."

What the deceased had in mind with reference to "moneys" is difficult to determine, because of the qualifying expression or limitation following the word.

The exception of the "store bank account" in and of itself excluded from the operation of the gift all funds on deposit therein as of the date of death. Whether " as are deposited therefrom at the date of my decease " refers to all money that was then deposited and in the natural course of events would be subject to deposit up to the date of the testator's death, is speculative and the same is true of the contrary interpretation as urged by the petitioners. The latter construction would nullify the expressed intention to except from the operation of the legacy "moneys" and merely adds surplusage to what immediately precedes, while the former gives substance to the expression and this interpretation is further fortified by the rule that a gift by implication will only be adopted where the probability of such intention is so apparent that the contrary cannot be supposed to exist. (*Matter of Northup*, 92 App. Div. 5; *Post* v. *Hover*, 33 N. Y. 593, 599.)

Further difficulty is encountered in interpreting the intent of the testator as to the item of "moneys deposited therefrom at the date of my death," from the fact that there is no evidence

before the court as to whether the funds remaining in the store at the date of death were the proceeds of business transacted, or whether placed there by the deceased as a temporary depository or for some other particular purpose, and the same reasoning applies to any notes owing to the deceased at the date of his death.

By the weight of authority, moneys, unless specifically mentioned, are excluded from the operation of a testamentary provision, bequeathing the contents of a house, a place of business or an office, when an effective residuary clause is contained in the will. (*Matter of Reynolds*, 124 N. Y. 388; *Matter of Whitford*, 146 Misc. 82.)

Ample justification exists for this rule as a matter of sound jurisprudence. It is conceivable that a contrary holding might deplete an estate of its entire assets or a major portion thereof, wholly contrary to the intent of the testator, and to the detriment of the natural objects of the testator's bounty who are not infrequently the residuary beneficiaries.

The facts in this case do not warrant the court in increasing the beneficial provision made for the petitioners herein, by including that which by express terms was not excluded. A presumption to the contrary is the rule. (*Floyd* v. *Carow*, 88 N. Y. 560, 568; *Lamb* v. *Lamb*, 131 id. 227; *Leggett* v. *Stevens*, 185 id. 70, 79.)

It is determined that the petitioners are entitled to the accounts receivable as a part of the business bequeathed and devised to them under paragraph " second " of the testator's will, subject to the accounts payable existing against the business, and that the notes and the money remaining in the store at the date of the testator's death are a part of the residuary estate subject to administration by the executors.

Decreed accordingly.