STERLING v. HEYDENREICH et al.

(Supreme Court, Appellate Division, Second Department.    March 8, 1912.)

WILLS (§ 559*)—BEQUEST—SCOPE.

> A bequest of the testator's interest, right, title, and claim to, and property in, a firm of which he was a member, covers unascertained profits of the business, consisting of cash on hand, outstanding accounts, and merchandise.
>
> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1207–1209; Dec. Dig. § 559.*]

Submission of controversy between Elizabeth H. Sterling and Louis V. Heydenreich and others on an agreed statement of facts under Code Civ. Proc. §§ 1279–1281.    Judgment directed for defendants.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Henry Stengel, Jr., for plaintiff.
William F. Connell, for defendants.

HIRSCHBERG, J.    The alleged controversy in this case relates to the construction to be given to the second clause or paragraph of the will of Emile Heydenreich, deceased.    He died on the 16th day of March, 1911; the will having been executed on the 19th day of February, 1908, and admitted to probate in Kings county, where he resided.    The plaintiff is the only daughter of the testator, and by the will bonds and mortgages aggregating the sum of $100,000 were bequeathed to her.    To his wife the testator gave securities aggregating $60,000 and his household furniture.    After providing for other small legacies, not necessary to detail, he gave and bequeathed all the residue of his personal estate to his wife, his son, and his daughter, equally.    The deceased was a member of the firm of E. Fougera & Co. at the time of the making of the will and at the time of his death, and the second clause of the will is as follows:

"I give and bequeath unto my son, Louis V. Heydenreich, all my interest, right, title and claim in and to, and my property in, the copartnership or firm of E. Fougera & Co., situate in the borough of Manhattan, city and state of New York."

At the time of the death of the testator, there was an unascertained profit in the business of the firm of E. Fougera & Co., consisting of money on hand, outstanding accounts, and merchandise, to which the interest of the deceased applied, and the contention on the part of the plaintiff is that the right and claim of the deceased in such unascertained profits is a part of the residuary estate and not a part of the legacy bequeathed to the son by virtue of the second clause of the will.

The controversy was submitted without oral argument, and the plaintiff's printed brief presents no reason why the claim is made on her behalf.    No authorities are cited in support of it, and none have been found.    It would be impossible to frame a paragraph in more comprehensive, positive, and precise terms than the one in question, as a bequest which should cover everything to which the testator might be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled as a member of the firm at the time of his death. The bequest covers, not only all the interest, right, title, and claim of the testator in the firm as a member thereof, but also all his property in the firm. The language is clear, precise, and unambiguous, and it carries to the legatee everything which the deceased was entitled to as a member of the firm on its dissolution at the day of his death.

The judgment, therefore, must be in favor of the defendants, who are the executors and residuary legatees, but under the terms of the submission, without costs. All concur.