In the Matter of the Accounting of JOSEPH D'ELIA, as Administrator De Bonis Non of the Estate of PASQUALE VITELLI, Deceased, and IRENE VITELLI, as Administratrix of the Estate of PASQUALE VITELLI, Deceased.

Surrogate's Court, Bronx County, October 25, 1949.

*Albert M. Yuzzolino* for petitioners.

*Antonio M. Caridi* and *Norman R. Caridi* for Theresa A. Borrelli, objectant.

*Benedict J. Militana,* special guardian for John Vitelli, an infant.

*Benjamin Levitas* for Multiple Trading Corp., creditor.

HENDERSON, S. The sole issue to be determined in this accounting proceeding is whether or not the claim of the objectant, Theresa Borelli, should be allowed.

The decedent and one Francesco Borelli were partners in the jewelry business in New York City. Such partnership continued until the death of Francesco Borelli in Italy on July 18, 1937. Thereupon the decedent herein, the surviving partner, through an accountant, without a formal dissolution, determined that as of December 31, 1937, the sum of $1,229.22 was the interest of Francesco Borelli in the partnership. This sum was set up as a liability in favor of Francesco Borelli in the books of the business which the decedent continued to operate until his death on January 21, 1941.

No consent to the continuance of the firm business was given nor were there ever any negotiations looking to the payment of the interest of Francesco Borelli.

Thereafter, in the year 1945 the claimant, the wife of Francesco Borelli, arrived in the United States from Italy. Upon her arrival, Mrs. Borelli promptly communicated with the attorney for the estate of the decedent concerning the interest of Francesco Borelli in the partnership of Borelli and Vitelli.

On April 2, 1949, a formal claim for the sum of $1,229.22 was presented. Interest on said sum from December 31, 1937, is also requested.

In respect to this claim, it is conceded that the objectant is the sole beneficiary under the will of Francesco Borelli.

The representative of the estate, giving due consideration to section 21 of the Civil Practice Act, and the period of disability caused by the war (Civ. Prac. Act, § 27), pleads as a defense the six-year Statute of Limitations.

Upon the death of Francesco Borelli, the partnership was dissolved. It became the duty of the survivor to settle the part-

nership affairs and remit the deceased partner's share to his representative. If the survivor carries on the business without an agreement, the representative of the deceased partner is entitled at his option to receive the profits attributable to the use of his rights in the property of the dissolved partnership or in lieu thereof, interest may be demanded on the value of the deceased partner's interest ascertained as of the date of dissolution (*M. & C. Creditors Corp.* v. *Pratt,* 172 Misc. 695, 709, affd. 255 App. Div. 838, affd. 281 N. Y. 804).

The claimant by reason of her right to elect between interest and profits could obviously conduct an inquiry as to which would be the more advantageous An accounting of the partnership assets therefore might be compelled. The right to compel such an accounting would continue until barred by the ten-year Statute of Limitations (Civ. Prac. Act, § 53, *Smith* v. *Maine,* 145 Misc. 521, 540). It necessarily follows therefore that her time to make a choice would continue for the same duration.

The claimant herein has chosen to take the interest at the legal rate on the value of the interest of Francesco Borelli in the assets of the partnership as fixed by the decedent herein. This choice having been made within the period of time given to her, the claim is allowed in accordance with her request.

Settle decree.