In the Matter of the Construction of the Will of August Lutz, Deceased.

Surrogate's Court, Bronx County, May 9, 1952.

*Louis E. Fishbach* for Alfred Lutz, petitioner.

*Francis A. Armeny* and *Paul M. Klein* for Olga Lemler and others, respondents.

POTTS, S. In this proceeding the court is required to construe paragraph " Second " of the testator's will which reads as follows: " I give, devise and bequeath all my right title and interest in and to all machines, stock in trade, office equipment, finished and unfinished products in the business in which I am a partner now conducted in the name of A. Lutz, 3 West 18th Street, Borough of Manhattan, City of New York, to my son Alfred Lutz, but my share of the money in banks, accounts receivable above the liabilities of the company, is to belong to my estate, and to be divided in accordance with the provisions of this will."

The will is dated June 29, 1945. The testator died on March 6, 1951, a resident of this county survived by his widow, two daughters and two sons. Alfred, the legatee mentioned above, and one of the daughters were named executors.

In other parts of his will the testator provided for the payment of funeral expenses and debts, and affirmed the right of the widow to take certain property which she jointly owned with him, as well as life insurance of which she was the beneficiary. The residue was given to the widow and the children exclusive of the son, Alfred.

The testator's interest in the partnership mentioned in the will substantially forms the entire estate.

The three children who shared in the residue assert (1) that the bequest in paragraph " Second " is void because under paragraph (d) of subdivision 2 of section 51 of the Partnership Law, the testator has no title to specific partnership property which may be bequeathed by will, and (2) that if a valid bequest

is made, the legatee is entitled to the enumerated items and nothing else.

It is insisted, therefore, that the testator's interest in, or in the proceeds of, the firm name and good will, an automobile used in the business, loans receivable and overdrafts by employees, insurance accruals, unfilled customers' orders, the lease to the partnership premises, stationery, customers lists and records, not having been specifically bequeathed, passed into the residue of the estate.

The petitioner, Alfred Lutz, on the other hand contends that the bequest to him was valid and encompassed the testator's entire interest in the partnership, other than his share of money in banks and accounts receivable over liabilities.

The law is clear that upon the death of a partner, the deceased partner's representative has no legal interest in the assets, but only an equitable interest in the distribution of any surplus remaining after the payment of firm debts (*Matter of Lichtblau,* 146 Misc. 278). It becomes the duty of the surviving partner to settle the partnership affairs and remit the deceased partner's share to his representative (*Matter of Vitelli,* 196 Misc. 644). This obligation, however, and the corresponding right of the estate representative may be affected by the surviving partner's agreement with the decedent (*Hermes* v. *Compton,* 260 App. Div. 507) or by the provisions of the deceased partner's will (*Kilhoffer* v. *Zeiss,* 109 Misc. 555, affd. 196 App. Div. 922; *Sterling* v. *Heydenreich,* 149 App. Div. 850). It is also equally clear that a partner may in his lifetime assign his interest in the firm to his copartner and thus make the partnership property the individual assets of the assignee (*Stanton* v. *Westover,* 101 N. Y. 265; *Dimon* v. *Hazard,* 32 N. Y. 65).

By paragraph " Second ", the testator has relinquished his rights and therefore those of his estate, in and to certain firm assets. He has freed Alfred Lutz of any obligation to account to the estate for such assets as partnership property, and thereby has constituted him the individual owner of such property.

The extent of the individual ownership which vested in Alfred must be ascertained by an examination of the will read in the light of the circumstances surrounding the testator at the time of its execution (*Matter of Ittleson,* 197 Misc. 786, 789). Its provisions with respect to a legacy may be given a broad or a narrow construction in order to carry into effect the intent of the testator (*Central Union Trust Co.* v. *Flint,* 198 App. Div. 703, 707).

The business conducted by the testator and his son Alfred at the time of the execution of the will was founded by the testator in 1917. It involved the manufacturing of wicker baskets. In 1929, Alfred Lutz entered the business with his father and since then it has been operated as a partnership. No other member of the family participated therein as a member of the firm, although one of the daughters was employed by the firm as a bookkeeper for a short time.

Prior to the making of the will and around the year 1943, the testator became ill. From that time until the date of testator's death it was necessary for his son, Alfred, to assume the burden of managing the business.

The legacy of the testator's interest in '' all machines, stock in trade, office equipment finished and unfinished products in the business '' was a gift of the tangible and visible property with which the business was carried on and to which it related. Implicit in the gift of these assets of a going business is an intention to pass the business itself.

After making a gift of the implements and instruments for conducting the business, it certainly could not have been the testator's intention that the surviving partner should liquidate the business and thus render these articles practically useless. He doubtless meant that not only the means and equipment for carrying on the business should vest in Alfred Lutz but his entire interest in the company, less the specific items excepted.

In *Matter of Lowe* (206 N. Y. 671), where the language construed was: '' I give, devise and bequeath to my daughter, Helen Springer, my printing office and bindery, together with all the presses, bindery machinery, type, paper on hand, office furniture and equipment of every nature connected with said business '', the court found that the testatrix made a gift of her entire business.

In the light of this authority and for the reasons herein stated, the court concludes that the legatee, Alfred Lutz, is vested with the entire partnership business as his individual property without obligation to account to the testator's estate except to the extent of testator's interest in the cash on deposit and the accounts receivable above liabilities (*Matter of Whitford*, 146 Misc. 82).

Settle decree.