John J. Dillon, S.
In this accounting proceeding the executor seeks construction of that portion of subdivision (e) of article “ second ” of the will under which the testator gave and bequeathed to his wife: “ all my right, title and interest in and to the partnership known as Parker’s Book Shop on condition, however, * * * that in the event my said wife sells said business, she shall pay over one-half of the net proceeds of sale to my said children, share and share alike.”
The testator died a resident of Westchester County on February 20,1956 and his will dated July 24,1947 was duly admitted to probate and letters testamentary thereon were issued to the petitioner on March 8, 1956.
During his lifetime, the testator and his wife, as copartners, owned and operated a business known as Parker’s Book Shop. The law expressly provides that upon the death of a partner the partnership is dissolved (Partnership Law, § 62) and the deceased’s “ right in specific partnership property vests in the surviving partner or partners ”. (Partnership Law, § 51, subd. 2, par. [d].) The surviving partner is then charged with the duty of settling the affairs of the partnership and remitting the share of the decedent’s interest in such partnership to the legal representative of the estate. (Matter of Vitelli, 196 Misc. 644; Matter of Lichtblau, 146 Misc. 278.) The obligation, however, of the surviving partner and the corresponding right of the estate representative may be varied by the provisions of the deceased’s partner’s will. (Kilhoffer v. Zeis, 109 Misc. *305 555, affd. 196 App. Div. 922; Sterling v. Heydenreich, 149 App. Div. 850.) The testator, by his will, has relinquished all of the rights of the estate in and to the assets of the partnership. (Matter of Lutz, 202 Misc. 903.) The surviving partner has accepted the legacy and, therefore, such legacy is charged with the terms and conditions imposed thereon by the testator. (Matter of Dettmer, 178 Misc. 401, affd. 266 App. Div. 877, affd. 292 N. Y. 688; Matter of Blasius, 134 Misc. 753.)
The petitioner has requested the court to determine what percentage “of the net proceeds of sale” is to.be paid to testator’s children in the event that the business is sold. The paramount rule to be followed in all cases relating to the construction of wills is to ascertain and give effect to the intention of the testator. (Matter of Buttner, 243 N. Y. 1.) If the court were to hold that the testator had intended that his children receive one half of the entire net proceeds of the sale of the business as opposed to one half of the net proceeds of testator’s interest in the business, the effect thereof would be to deprive the widow of any benefits whatsoever upon the sale of the business since she, herself, owned one half of the business. Moreover, an examination of the entire will discloses a testamentary scheme which leads the court to conclude that the testator intended that his wife receive a benefit under his will upon the sale of the business.
Accordingly, the court determines that in the event the business is sold, the children of testator are to receive one half of the net proceeds of his interest in such business or one quarter of the entire net proceeds of the sale.
Submit decree.