Joseph P. Kuszynski, J.
This is a motion for summary judgment pursuant to CPLR 3212 brought by the defendants, Abraham R. Kushner and Molly Silbergeld, as executors of the estate of Rose Silbergeld, deceased, on the ground that, with *286 respect to the estate, the plaintiff’s cause of action is without merit. The facts are as follows:
On December 13, 1963 a contract between Niagara Mohawk Power Corporation and a partnership known as H. Silbergeld and composed of Arthur Silbergeld and his mother, Bose Silbergeld, now deceased, was executed. The contract provided that the partnership would demolish and salvage an obsolete power generating station owned by plaintiff in Niagara Falls, New York, and known as the Adams Station. In return for the salvage recovered by the partnership, the partnership was to pay plaintiff the sum of $175,000 subject to certain adjustments in accordance with a schedule set forth in the agreement. The agreement called for the work to be completed by December 15, 1964 and contained a forfeiture clause operable at the option of the plaintiff upon the occurrence of a number of contingencies including default in payment by the partnership or its failure to proceed diligently with the work. If the plaintiff decided to avail itself of the forfeiture clause, it was required to give three days ’ written, notice exclusive ■ of the day of mailing to the partnership at 209 13th Street, Niagara Falls, New York.
The contract not having been completed on December 15, 1964, an extension agreement was negotiated allowing the completion date of June 15, 1965 to be substituted for the original completion date. The partnership failed to complete its work or its payments on June 15, 1965. On June 5, 1965 one of the partners, namely, Bose Silbergeld, died.
Written notice of intention to forfeit the agreement was mailed to the partnership at the address indicated on August 3, 1965 and received by it on August 4, 1965.
In the fall of 1965 the plaintiff awarded the job for completion of the work to the lowest bidder at a cost of $28,317.
The attorneys for the estate on this motion argue that the estate was entitled to.come in and complete the work unless the plaintiff gave specific notice to it of the intent to terminate the agreement, because the company knew of the death of Bose Silbergeld.
This court is of the opinion that the contention of the estate is without merit. The Partnership Law provides under section 62 that upon the death of one partner, the partnership is dissolved. Furthermore, the rights of a deceased partner are governed by the Partnership Law rather than by the Decedent Estate Law. (Partnership Law, § 62.) While the partnership is not terminated on dissolution, it continues merely for the purpose of winding up the partnership affairs and the process of winding up is an exclusive obligation and right of the surviving partner. *287 (43 N. Y. Jur., Partnership, §§ 162, 163; Matter of Hutton, 11 Misc 2d 303.) The executors of the dead partner have no right to participate in or interfere with the winding up processes by the surviving partner. (Slater v. Slater, 208 App. Div. 567.) The only right of the executors of a deceased partner is to demand an accounting from the surviving partner upon completion of the winding up of its affairs.
Under the terms of the contract the exercise of the forfeiture clause was at the option of the plaintiff upon failure to comply with the agreement. This* court finds that the plaintiff has complied with the requirements of notice to the partnership as provided under the terms of the agreement. Therefore this motion is in all respects denied.