Rose Dreher, as Executrix of Reuben Dreher, Deceased, Respondent, v Marvin Levy et al., Appellants.

Second Department, April 23, 1979

### APPEARANCES OF COUNSEL

*Charles E. Steinberg, P. C.,* for appellants.

*Solomon & Rosenbaum, Drechsler & Leff (Michael L. Carlin* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

In this action, *inter alia,* for an accounting, defendants appeal from so much of an interlocutory judgment of the Supreme Court, Westchester County, as (1) granted plaintiff judgment directing them to account to plaintiff as to the business and assets of the partnership defendant, Greller & Company, (2) appointed a referee with regard thereto and (3) dismissed their counterclaim. The interlocutory judgment should be affirmed insofar as appealed from.

The plaintiff, as executrix of her husband's estate, commenced this action for an accounting against the surviving partners of the defendant accounting firm of Greller & Company. There was no written partnership agreement and, thus, the rights and obligations of the surviving partners and of the plaintiff are governed by the Partnership Law. The instant action is premised upon section 73 of the Partnership Law which provides, in part:

"Rights of retiring or estate of deceased partner when the business is continued.

"When any partner * * * dies, and the business is continued * * * without any settlement of accounts as between * * * his estate and the person or partnership continuing the business, unless otherwise agreed * * * his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or * * * at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership".

The defendant partners seek to defeat the action by the allegation that they orally agreed with the deceased that rather than dissolving the partnership upon the death of a partner, the business would be continued and the deceased partner's interest in Greller & Company would be fully satisfied by the proceeds of a group life insurance policy which was to be obtained by the partnership. Each member of the insured group would designate the beneficiary of his choice, to whom the proceeds would be directly paid by the insurance carrier. There is no written memorandum of this agreement. However, it is undisputed that an insurance policy was obtained which covered the partners and employees of Greller & Company and that, in accordance with the terms of the policy, $40,000 was paid to the plaintiff upon her husband's death.

The plaintiff has raised the Statute of Frauds in an effort to avoid the effect of the alleged oral agreement. The Statute of Frauds (General Obligations Law, § 5-701) requires, in part, that:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such an agreement, promise or undertaking:

"1. By its terms is not to be performed within one year from the making thereof or *the performance of which is not to be completed before the end of a lifetime"* (emphasis supplied).

■ Assuming, without so finding, that there was an oral agreement concerning the distribution of insurance proceeds in lieu of a deceased partner's proportionate business interest, any such agreement must be deemed void under the terms of section 5-701 of the General Obligations Law. That statute

makes void and unenforceable any oral agreement which, in the absence of some written memorandum, may not be fully performed before the end of a lifetime. The agreement on which the defendants rely violates this requirement.

By its terms, the agreement can be fully performed only after a partner's death. The agreement is intended to vary the rights of the deceased partner's estate to an accounting and to alter the ordinary duty imposed upon surviving partners to wind up the partnership. It is only on the occasion of a partner's death that such rights and obligations fully arise and, obviously, the alleged agreement was made in anticipation of death. More specifically, the agreement is not capable of performance before the end of a lifetime because the consideration which each partner offered, i.e., that the deceased partner's estate would forbear from seeking an accounting or otherwise exercising rights under the Partnership Law, is wholly inchoate until the death of the partner. Any other conclusion would be contrary to the general purpose of section 5-701 of the General Obligations Law insofar as it seeks to prevent the assertion of fraudulent claims against the funds of deceased persons who are no longer available to deny the alleged oral agreement (see *Bayreuther v Reinisch,* 264 App Div 138, affd 290 NY 553).

The existence of the group life insurance policy is wholly incidental to the purported oral agreement and does not reflect why the policy was obtained and what the proceeds were to represent. Thus, the insurance policy is insufficient to take the underlying oral agreement out of the Statute of Frauds.

We have considered the other arguments raised on appeal and find them to be without merit. Accordingly, the interlocutory judgment should be affirmed insofar as appealed from.

SUOZZI, J. P., LAZER, RABIN and COHALAN, JJ., concur.

Interlocutory judgment of the Supreme Court, Westchester County, dated September 26, 1978, affirmed insofar as appealed from, with costs.