In the Matter of Alex DANENBERG, Bankrupt.

Jacqueline TRAEGER and Sandra McCormack as Executrices of the Estate of Louis Danenberg, Plaintiffs,

v.

Jeffrey SAPIR, as Trustee of the Bankrupt, Defendant.

Bankruptcy No. 75 B 1891.

United States Bankruptcy Court, S. D. New York.

Jan. 4, 1980.

Jeffrey Sapir, Yonkers, N.Y., pro se.

Ide & Haigney, New York City, for plaintiffs.

## OPINION

JOEL LEWITTES, Bankruptcy Judge.

This is an action, in the nature of a declaratory judgment, brought by the legal representatives of the Estate of Louis Danenberg ("plaintiffs") against the trustee in bankruptcy of Alex Danenberg, the now deceased brother and partner of the late Louis Danenberg.

The issue tendered for resolution is whether the bankruptcy trustee is required, under the factual circumstances present here, to prepare and submit to plaintiffs, the accounts of two New York partnerships, Novel Products Company and L. A. Danenberg, covering their respective assets and liabilities and all partnership transactions

for the period subsequent to July 20, 1974, the date of death of Louis Danenberg. The trustee maintains that no such duty devolves upon him.

The facts of this case are undisputed and uncomplicated.

The brothers, Louis and Alex Danenberg, were the sole partners in the two above-mentioned partnerships. On July 20, 1974, Louis died and on December 2, 1975, Alex, the surviving partner, was, on his individual petition in bankruptcy, adjudicated a bankrupt.[1]

■ Subsequent to the appointment, by this Court, of Mr. Jeffrey Sapir as trustee in bankruptcy for the sole surviving partner, Alex Danenberg, the bankrupt passed away.[2]

The trustee's resistance to the relief sought here by plaintiffs is, in my judgment, without merit.

Under the governing law of New York "[o]n the death of a partner his right in specific partnership property vests in the surviving partner . . . . Such surviving partner . . . has no right to possess the partnership property for any but a partnership purpose."[3]

■ The legal title to such partnership assets, upon the death of a partner, passes therefore to the surviving partner.[4] More-over, in the absence, as here, of an agreement to the contrary, the surviving partner is required to wind up the partnership affairs.[5] Finally, concomitant with such statutory obligations imposed upon the surviving partner, is the right of the deceased partner's representative to demand an accounting from the surviving partner.[6]

Accordingly, upon Louis Danenberg's demise, the partnership assets passed, by operation of law, to the surviving partner, Alex, together with the statutory obligation to wind up the partnership and account, if so requested by the representatives of the Estate of Louis Danenberg.

■ It is equally clear, that upon the filing by the surviving partner of his individual voluntary bankruptcy petition, *i. e.* upon his adjudication,[7] this Court acquired "complete jurisdiction over the partnership estate." [8]

Although Bankruptcy Act § 5, subd. i, 11 U.S.C. § 23, subd. i, provides in part, that "In the event of one or more but not all of the general partners of a partnership being adjudged bankrupt, *the partnership property* shall not be administered in bankruptcy, unless by consent of the general partner or partners not adjudged bankrupt . . . .",[9] where, as here, the non-adjudged party is deceased, no such consent is required.[10]

---

1. It is clear that Bankruptcy Act § 5(i), 11 U.S.C. § 23(i) contemplates the case where, as here, one or more, but not all the partnership members are adjudicated a bankrupt, although the partnership is not so adjudicated. *See e. g., In re Junck*, 169 F. 481, 482 (E.D.Wis.1909).

2. The death of a bankrupt does not abate a bankruptcy case. See Bankruptcy Rule 118, 411 U.S. 1015. This rule supplements Bankruptcy Act § 8, 11 U.S.C. § 26.

3. N.Y.Partnership Law § 51, subd. 2(d) (McKinney).

4. *Costello v. Costello*, 209 N.Y. 252, 259, 103 N.E. 148 (1913).

5. N.Y.Partnership Law § 62 (McKinney).

6. N.Y.Partnership Law § 74 (McKinney); *Matter of Grace*, 62 Misc.2d 51, 54, 308 N.Y.S.2d 33 (Surr.Ct. Nassau Co.), *aff'd without opinion* 35 A.D.2d 783, 315 N.Y.S.2d 816 (2d Dept. 1970);

*Matter of Vitelli*, 196 Misc. 644, 646, 92 N.Y. S.2d 322 (Surr.Ct. Bx.Co. 1949); *Niagara Mohawk v. Silbergeld*, 58 Misc.2d 285, 287, 294 N.Y.S.2d 975 (Sup.Ct. Niagara Co. 1968). See also *Dreher v. Levy*, 67 A.D.2d 438, 440, 415 N.Y.S.2d 658 (2d Dept. 1979) (*per curiam*).

7. Bankruptcy Act § 18f, 11 U.S.C. § 41 provides, *inter alia*, that the filing by an individual of a voluntary petition operates as an adjudication.

8. *In re Stringer*, 253 F. 352, 356 (2d Cir. 1918). See also *Virshup v. Industrial Bank of Commerce*, 272 F.2d 43, 44 (2d Cir. 1959).

9. Emphasis supplied.

10. *Virshup v. Industrial Bank of Commerce*, *supra* at 45. It is noteworthy, as well, in this connection, that the non-adjudicated deceased partner's legal representatives have filed a claim in the bankruptcy case.

The trustee, in thus succeeding to the administration of the partnership property, necessarily is empowered to "marshal the assets of the partnership estate and individual [partners'] estates so as to . . secure the equitable distribution of the property of the several estates."[11] Moreover, since the trustee, as administrator of the partnership property takes such property "cum onere",[12] *i. e.* with all the statutory obligations imposed by the law of New York upon a surviving partner,[13] we must conclude that in order to properly administer and marshal the partnership property, the trustee is the proper party to furnish an account to the decedent partner's representatives.[14]

---

**11.** Bankruptcy Act § 5, subd. h, 11 U.S.C. § 23, subd. h. *Cf. In re Ira Haupt & Co.*, 240 F.Supp. 369, 372 (S.D.N.Y.1965).

**12.** *Tate v. Hoover*, 345 Pa. 19, 26 A.2d 665, 671, *cert. denied*, 317 U.S. 677, 63 S.Ct. 159, 87 L.Ed. 543 (1942).

**13.** N.Y.Partnership Law §§ 62 and 74 (McKinney).

**14.** *Cf. Matter of Salladay*, 22 F.2d 300 (E.D.Ill. 1927).