**In re Jozsef PELI, Debtor.**

**Mesrop Wartan ARTINIAN, Plaintiff,**

**v.**

**Jozsef PELI, Defendant.**

**Bankruptcy No. 180–06057–256N.
Adv. No. 181–0279.**

United States Bankruptcy Court,
E.D. New York.

Aug. 4, 1983.

Jonathan Altschuler, New York City, for plaintiff.

Vincent F. DiStephan, Lake Success, N.Y., for defendant.

Ira Greene, New York City, trustee.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This is an action by a creditor to have a Chapter 7 discharge in bankruptcy revoked and the debt owing to him from the debtor declared nondischargeable for reasons of fraud.

### I

### FACTS

The defendant's indebtedness to the plaintiff arises from an automobile accident in which a vehicle owned by the defendant's father but operated by the defendant collided with a vehicle operated by the plaintiff.

The plaintiff instituted an action in New York State Supreme Court, Queens County, to recover $300,000 in damages for injuries resulting from the collision. The plaintiff's claims were ultimately settled by a stipulation voluntarily entered into between the parties. The terms of the settlement known to this Court are as follows:

1. The defendant's insurance company would pay the plaintiff $10,000.

2. The defendant would pay the plaintiff $50.00 per week for twenty years with a provision for an increase in the weekly payments should the defendant's salary increase by a stated amount.

3. In the event of default by the defendant the plaintiff would be entitled to enter a judgment for the entire unpaid balance of the settlement.

In addition, the plaintiff contends that as an expressed part of the settlement he agreed to relinquish all claims against the defendant's father. However, the evidence presented does not support this latter assertion since no copy of the settlement agreement has been provided to this Court by either party. The terms of the settlement that are known were obtained from a copy of a judgment entered in the plaintiff's

favor following the defendant's default and do not make mention of such a waiver. That default was the prelude to the filing of a Chapter 7 petition in bankruptcy by the defendant after he was discharged from his employment. At the time of the default the plaintiff had received only $300 directly from the defendant in satisfaction of the terms of the settlement but had apparently received the entire $10,000 from the defendant's insurer.

The defendant subsequently received a discharge in bankruptcy of those debts listed in his petition including the balance of $51,700 due the plaintiff. A short time following the granting of the discharge the plaintiff became aware of facts which he believes warrant a revocation of that discharge. Accordingly, he began an adversary proceeding in this Court against the defendant in which he seeks to have the discharge revoked pursuant to 11 U.S.C. Section 727(d)(1)[1] and the debt owing to him from the defendant declared nondischargeable under Section 523(a)(2).[2] His basis for demanding this relief is that the defendant, prior to entering into the aforementioned settlement agreement, concealed the fact that he intended to instigate his discharge from employment and that he made an intentionally false oath regarding his intentions to file for bankruptcy. As a consequence of these actions the plaintiff contends that he was fraudulently induced into a settlement of his claim and thus

sacrificed an opportunity to obtain a larger judgment at trial and to bring an action against the defendant's father. The defendant has responded to these allegations with a motion to dismiss the complaint for failure to state a cause of action.

## II

### DISCUSSION AND CONCLUSIONS

*Motion to Dismiss Complaint*

The first issue that must be discussed is the defendant's motion to dismiss the plaintiff's complaint. I find the complaint does state a basis for some of the relief sought and therefore deny the motion to dismiss for the following reasons:

11 U.S.C. Section 727(d) provides in relevant part that the court shall revoke a discharge obtained through the fraud of the debtor, provided the party seeking to have the discharge revoked did not know of the fraud until after the discharge was granted and the action to revoke is commenced within one year of the granting of the discharge. This is precisely what the plaintiff alleges. It cannot therefore be said, as a matter of law, that the plaintiff's complaint does not state a cause of action upon which a claim for relief may be granted. Resistance of a motion to dismiss only requires that a claim upon which relief can be granted is stated. "A claim will not be dismissed for legal insufficiency unless it

---

1. Section 727 Discharge

(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
   (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
   (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or
   (3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee or a creditor may request a revocation of a discharge—

(1) under subsection (d)(1) of this section, within one year after such discharge was granted; or
(2) under subsection (d)(2) of this section, before the later of—
   (A) one year after the granting of such discharge; and
   (B) the date the case is closed.

2. Section 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
   \*    \*    \*    \*    \*    \*
   (2) for obtaining money, property, services, or an extension, renewal or refinance of credit by—
   (A) false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

appears to a certainty that the complaint is entitled to no relief under any state of facts which could be produced in support of the claim." *Donson Store, Inc. v. American Bakeries Company,* 58 F.R.D. 485 (D.C.S.D. N.Y.1973) *See also, Lorber v. Beebe,* 407 F.Supp. 279 (D.C.S.D.N.Y.1976). The plaintiff has met the relatively slight burden required to resist this type of motion. *Williams v. Wheeling Steel Corp.,* 266 F.Supp. 651 (D.C.W.Va.1967).

## *Nondischargeability of Individual Debt*

■ As part of his prayer for relief the plaintiff seeks to have the individual debt owed to him by the defendant declared nondischargeable. This is not possible. The plaintiff is time barred from raising the issue of dischargeability under 11 U.S.C. Section 523. The plaintiff was listed as an unsecured creditor on the defendant's schedule of liabilities and was afforded a full and adequate notice of the bankruptcy proceedings. As part of that notice he was informed that any objections to dischargeability must be raised between thirty and ninety days following the date of the first meeting of creditors. *See,* Bankruptcy Rule 409(a)(2). That time having passed the creditor is barred from raising the issue of dischargeability with respect to the subject debt. 3 *Collier on Bankruptcy* Section 523.11 (15th ed.).

## *Revocation of Discharge*

■ Though the plaintiff may not seek to have the individual debt owed to him by the defendant declared nondischargeable he may seek to have the defendant's discharge revoked in its entirety. As earlier noted, 11 U.S.C. Section 727(d) provides that upon the request of a creditor the court shall after notice and hearing revoke a discharge obtained through the fraud of the debtor provided the creditor did not know of the fraud until after the discharge was granted. Any request to revoke a discharge pursuant to this section must be made within one year of the granting of that discharge. 4 *Collier on Bankruptcy,* Paragraph 727.16 (15th ed.); *In re Santos,* 24 B.R. 688 (Bkrtcy.D.R.I.1982). The defendant has made his request within the prescribed time and the court will now consider it.

■ The burden is on the plaintiff to prove all allegations with respect to a request to revoke a discharge. Bankruptcy Rule 407; *Matter of Decker,* 595 F.2d 185 (3d Cir.1979); *In re Rubin,* 12 B.R. 436 (Bkrtcy.S.D.N.Y.1981). This must be done by a showing of clear and convincing evidence. *In re Colasante,* 12 B.R. 635 (D.C.E. D.Pa.1981). It is the opinion of this Court that the plaintiff has not demonstrated in a clear and convincing fashion that the defendant obtained his discharge through fraud. Therefore, the discharge will not be revoked.

■ In order to have a discharge revoked for reasons of fraud the debtor must have committed a fraud in fact that if known to the court prior to discharge would have barred the discharge. Such fraud would include (1) the making of a false oath or omission in his schedules of debts or (2) a false statement at an examination during the course of the proceedings. 4 *Collier on Bankruptcy* Paragraph 727.04 (15th ed.).

■ As proof of the defendant's alleged fraud the plaintiff submitted the transcript of an examination made of the defendant's employer, the IBM Corporation, shortly after the defendant's discharge in bankruptcy was granted. In that examination the defendant's supervisor was asked questions concerning the defendant's discharge from employment. In support of his conclusion that the responses to the questions are proof of the defendant's fraud the plaintiff submitted the following excerpts from the transcript of that examination:

Q. Was there, based on the records of IBM, any prior history to March, April, 1980 of failure to be punctual in attendance?

A. Yes, there was. But not to the degree that we would fire him.

Q. Did it accelerate in May, June, July?

A. Yes.

Q. In May, June, July, approximately how frequently per week or month—

A. I believe twice a week.

Q. When you discussed this problem with Mr. Peli, what did he say and what did you say?

A. Well, I basically said that, "You have to realize that if you continue to come in late to work without a valid excuse or something that you can explain to us, that's acceptable, that its a condition of employment and you can be fired by IBM."

Q. What did Mr. Peli say to you?

A. His attitude was he wasn't going to correct it.

Q. Did he indicate why?

A. No, absolutely not.

Q. Did he indicate that he might have some legal difficulties or other difficulties of that nature?

A. Yes, he did.

Q. Do you remember what he said?

A. He said he was in the process of filing for bankruptcy.

Q. This was when, in the beginning of 19—

A. In July, when I fired him.

Q. Did he explain to you why he was doing that?

A. He said basically he was filing for personal bankruptcy and his attitude was if IBM fired him, he would be out from whatever his problem was.

This is the only admissible evidence that the plaintiff offers in support of his position. His allegation that the defendant agreed not to file a petition in bankruptcy as a precondition to entering the settlement agreement is inadmissible as parol evidence. By the plaintiff's own admission the written terms of the settlement agreement did not include a promise by the defendant to refrain from filing a petition in bankruptcy in order to discharge his obligations to the plaintiff. Any such representation, if made, was done so prior to the entry of the stipulation of settlement. Accordingly, it violates the parol evidence rule and cannot be considered. Moreover, even if a promise of that sort had been specifically embodied in the written settlement it would be void. Agreements waiving the right to file a petition in bankruptcy violate public policy and will not be given effect. *Fallick v. Kehr,* 369 F.2d 899, 906 (2nd Cir.1966); *In re Kriger,* 2 B.R. 19 (Bkrtcy.D.Or.1979).

I regard the available evidence as insubstantial proof in light of the prevailing standards and burdens necessary to establish a fraud within the meaning of the Bankruptcy Code. At best this evidence is merely circumstantial. It does not prove that the defendant said or did anything that even remotely suggests fraud in the procurement of his discharge. It does not show that he made any false oaths in his schedules or statement of affairs, or that he concealed any property of the estate, or that he refused to obey orders of the court or to answer questions put to him regarding his petition. These are the only grounds available for revocation of a discharge. See, 4 *Collier on Bankruptcy,* Paragraph 727.15 (15th ed.). Because the plaintiff has not demonstrated that any of these grounds exist I find for the defendant.

IT IS SO ORDERED.