**In re Joyce Patricia LEACH, a/k/a, Joyce Patricia Rice, Debtor.**

**Joyce Patricia LEACH and James Michael Manley, Appellants,**

**v.**

**Hilda M. BUCKINGHAM, Personal Representative of the Estate of Lillian P. Childress, Appellee.**

**Bankruptcy No. 92–06505–RRG. Adv. No. 93–4014.**

United States District Court, E.D. Michigan, Southern Division.

April 25, 1996.

---

Donald F. Cadotte, Bloomfield Hills, MI, for appellants.

Mark Chessman, Warren, MI, for appellee.

## OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

This matter is before the Court on the appeal of the debtor, Joyce Patricia Leach, and James Michael Manley (hereinafter "appellants") from an interlocutory order of the bankruptcy court. Appellants are the defendants in an adversary proceeding brought by appellee, Hilda M. Buckingham, Personal Representative of the estate of Lillian P. Childress (hereinafter "appellee"). The Court granted leave to appeal the interlocutory order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). The facts and legal arguments are adequately presented in the materials before the Court. Therefore, pursuant to F.R.B.P. 8012, the Court hereby ORDERS that the instant appeal be decided on the briefs submitted. For the reasons state herein, the order of the bankruptcy court is AFFIRMED.

### II. BACKGROUND

The debtor/appellant filed a bankruptcy petition under Chapter 7 on May 19, 1992. A discharge was granted on September 2, 1992 and the case was closed on September 24, 1992. The adversary proceeding which is the subject of the instant appeal was filed by the creditor/appellee on January 8, 1993. Appellee's adversary proceeding seeks, *inter alia,* revocation of the debtor's discharge under 11

U.S.C. § 727(d)(1) as being obtained through fraud. No motion to reopen the underlying bankruptcy case was ever filed.

On June 15, 1993 appellants filed a motion for summary judgment and argued, among other things, that the bankruptcy court should not reopen the closed bankruptcy case. Appellant's motion was denied without opinion. Appellee's Brief 2, Ex 1. On February 6, 1995 appellants moved to dismiss the adversary proceeding on the ground that the bankruptcy case was never reopened as required by F.R.B.P. 5010 and 11 U.S.C. § 350(b). The bankruptcy court granted appellant's motion and dismissed the proceedings. However, on February 9, 1995, the bankruptcy court set aside its February 6 order on the ground that appellants "admitted jurisdiction" in answering appellee's complaint. Appellant's Brief 9.

Appellants sought and were granted leave of this Court to file the instant interlocutory appeal. The issue raised on appeal is whether the bankruptcy court erred in setting aside its dismissal of appellee's proceedings for appellee's failure to move to reopen the underlying bankruptcy case.

### III. OPINION

■ A district court reviews a bankruptcy judge's conclusions of law de novo. *In re Howard P. Batie,* 995 F.2d 85, 88–89 (6th Cir.1993).

#### A. Reopening a Closed Bankruptcy Case

Section 350 of the Bankruptcy Code provides as follows:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

In addition, F.R.B.P. 5010 provides:

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code ...

The Advisory Committee Note to Rule 5010 states:

Although a case has been closed the court may sometimes act without reopening the case. Under Rule 9024, clerical errors in judgments, orders, or other parts of the record or errors therein caused by oversight or omission may be corrected. A judgment determined to be non-dischargeable pursuant to Rule 4007 may be enforced after a case is closed by a writ of execution obtained pursuant to Rule 7069.

Although the parties have not provided and the Court has not found any published decision squarely addressing the question of whether a closed case *must* be reopened in order for a creditor to proceed under § 727(d), the requirement is one which appears to have been assumed. For example, in both *In re Kirschner,* 46 B.R. 583 (Bkrtcy. E.D.N.Y.1995), and *In re Savage,* 167 B.R. 22 (S.D.N.Y.1994), a creditor's motion to reopen a closed bankruptcy case for the purpose of filing a § 727(d) adversary proceeding was denied. In discussing the purpose of § 350(b), the court in *In re Guzman,* 130 B.R. 489 (Bkrtcy.W.D.Tex.1991), stated, "[t]he option to reopen is available to creditors ... to pursue revocation of the debtor's discharge under Section 727(e)." *Id.,* at 491 n. 3.

■ The Court finds that the reopening requirement implicit in § 350(b) and F.R.B.P. 5010 applies in the context of a § 727(d) proceeding. Although the Advisory Committee Note quoted above identifies circumstances in which the bankruptcy court may act without reopening a case, a revocation of discharge action is not one of them. Rather, the instant context is distinguishable from those listed in the Advisory Committee Note in that appellee's action for revocation seeks to substantively alter the prior order of the bankruptcy court. Whereas the determination of the instant matter requires the bankruptcy court to revisit the substance of its prior decision in appellant's Chapter 7 proceeding, the bankruptcy case must be reopened.

#### B. Appellee's Failure to Move for Reopening

■ The next question which the Court must consider is whether appellee's failure to

move to reopen the subject bankruptcy case warrants dismissal of her action. The Court agrees with the bankruptcy court that in the instant case, such a failure is not fatal.

■ The Court notes that the reopening of a closed bankruptcy case is not a jurisdictional requirement. As noted by this district's bankruptcy court:

The reopening of a case is of no independent legal significance or consequence.

. . . . .

The effect of [11 U.S.C. § 350(b)] is merely to resurrect the court file from the stacks of the closed cases, or even from the archives, to enable it to receive a new request for relief.

*In re David,* 106 B.R. 126, 128 (E.D.Mich. 1989). However, that the opening itself is of no substantive import is not to say that a case may be reopened as a matter of course without regard to its substance. Rather, it is within the sound discretion of the bankruptcy judge to determine whether "cause" exists to reopen a case. 11 U.S.C. § 350(b), *In re Rosinski,* 759 F.2d 539, 541 (6th Cir.1985). As exemplified by *In re Kirschner, supra,* and *In re Savage, supra,* bankruptcy courts have declined to reopen cases of the type subject to this appeal; the result being that the creditor was barred from proceeding under § 727(d). Therefore, although the required reopening of a closed bankruptcy case serves no substantive purpose, by refusing to reopen a case, a court may effectively decline consideration of a proffered claim by way of its discretionary refusal to revisit a case's substantive issues.

■ In the instant case, the bankruptcy court found that appellants had waived any challenge to appellee's failure to reopen the bankruptcy case by answering appellee's complaint. Although the bankruptcy judge characterized the requirement in question as jurisdictional, as noted above, the reopening of a bankruptcy case is of no jurisdictional effect *per se.* Being a mere procedural requirement, the Court finds that a challenge to a party's failure to reopen a case can be waived. Accordingly, the Court attributes no error to the bankruptcy court.

■ Additionally, the Court notes that given the nature of the reopening requirement as discussed above, the underlying case has effectively been reopened by the bankruptcy court. First, as alleged in appellee's brief, appellants moved for summary judgment in part on the basis of appellee's failure to reopen the case. Appellee's Brief 2. The bankruptcy court denied appellant's motion. *Id.,* at Ex 1. The court's denial of appellants' motion can be deemed a finding that there was "cause" to revisit or "reopen" the case. Further, in setting aside its order dismissing appellant's adversary proceeding, the bankruptcy court "chastised [appellants'] counsel for not bringing to [its] attention that the [appellee] had not been listed as a creditor on the bankruptcy creditors matrix." Appellants' Brief 4. Although the Court recognizes that the question of whether appellee was listed as a creditor is a disputed matter, the bankruptcy court's reference to the issue can be deemed a finding of cause to revisit the substance of the bankruptcy case. Such a finding is tantamount to reopening the case.

A similar approach was take by the court in *In re Searles,* 70 B.R. 266 (D.R.I.1987). First, the *Searles* court determined that a bankruptcy judge could reopen a case *sua sponte* under § 350(b), regardless of the suggestion in F.R.B.P. 5010 that a motion must be made "by the debtor or other party in interest." *Searles, supra,* at 271–272. Further, the *Searles* court found that a motion to clarify a discharge order could serve as a motion to reopen. *Id.,* at 272. *See also Matter of Seats,* 537 F.2d 1176 (4th Cir.1976) (finding that a motion to modify an order in a closed bankruptcy case may be treated as a motion to reopen). As the Supreme Court noted in *Bank of Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966), "[t]here is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction."

## IV. CONCLUSION

■ The instant appeal truly champions form over substance. The Court finds that generally, and in the sound discretion of the bankruptcy court, a closed case must be re-

opened for the bankruptcy court to entertain a revocation proceeding under 11 U.S.C. § 727(d). However, dismissal is not warranted in the instant case for appellee's failure to move for reopening. The Court finds that a challenge to a plaintiff's failure to move for reopening can be waived by filing an answer. Further, a bankruptcy court can reopen a case *sua sponte*, and its decision allowing an adversary proceeding to continue is tantamount to reopening the bankruptcy case. For the reasons stated, this Court AFFIRMS the order of the bankruptcy court.

IT IS SO ORDERED.

### *JUDGMENT*

IT IS ORDERED AND ADJUDGED that pursuant to this Court's Order dated April 25, 1996, the Interlocutory Order of the Bankruptcy Court is AFFIRMED, and the matter REMANDED to the Bankruptcy Court for further proceedings.